[No. 221. Decided May 21, 1891.]

THE STATE OF WASHINGTON, *on the Relation of William J. Rohde,* v. MORRIS B. SACHS, *Judge of the Superior Court of Jefferson County.*

CONTEMPT — SUSPENDING ATTORNEY FROM PRACTICE — MANDAMUS.

Where the superior court has fined an attorney for contempt and entered an order suspending the attorney from practice in that court until he has purged himself of the contempt by apologizing, the supreme court can intervene by *mandamus* to compel said court to vacate and set aside the order of suspension.

*Original Application for Mandamus.*

The facts are sufficiently stated in the opinion.

*R. A. Ballinger,* for relator.

*Trumbull & Plumley,* for respondent.

The opinion of the court was delivered by

HOYT, J. — By his demurrer to the alternative writ issued herein, the respondent admits the entry of an order, as follows:

"On this 28th day of March, A. D. 1891, in open court, while the Hon. Morris B. Sachs, a judge of the superior court of the State of Washington, was engaged as such judge in deciding a motion pending in the case of *Nickelsburg v. Stencil et al.,* then pending in the superior court of Jefferson county, Wash., over which the said Morris B. Sachs was then presiding as judge thereof, one William J.

Rohde, an attorney of record of said court, and an attorney for the defendants in said cause, interrupted the said judge in said proceedings, and while said judge was deciding said motion, addressed said judge, and spoke in a disorderly, contemptuous and insolent manner, the following words: 'I wish the court would not talk to me.' And whereas, the said William J. Rohde in said matter was guilty of disorderly, contemptuous and insolent behavior towards the said judge, while holding said court, which said behavior of said William J. Rohde tended to impair the authority of said court, and of said judge thereof, and to interrupt in an unbecoming, disorderly, contemptuous and insolent manner the due course of the said proceedings before said court: Now, therefore, it is ordered by the said court that said William J. Rohde be and he is hereby, by reason of the aforesaid behavior, declared guilty of contempt of said court, and that he pay a fine of twenty dollars, and that he stand committed to the custody of the sheriff of Jefferson county, Wash., until the same is paid; and that it is further ordered that said William J. Rohde purge himself of said contempt."

That, upon the entry thereof, the relator, the said William J. Rohde, fully paid the fine therein imposed. That afterwards the said William J. Rohde, in behalf of a certain client, appeared in said court and asked to be heard as to the matter therein pending. Whereupon the judge thereof refused to allow said Rohde so to be heard therein, and caused to be entered on the records of the said court the further order, as follows, to wit:

"This court having on the 28th day of March, A. D. 1891, duly entered of record, and which said order adjudged and decreed that the said William J. Rohde, an attorney of record in this court, was guilty of contempt of court, and adjudged that said William J. Rohde be fined the sum of twenty dollars, and is ordered to purge himself of such contempt; and whereas, afterwards, to wit, on the said 28th day of March, A. D. 1891, the said William J. Rohde paid to the clerk of this ——— the fine assessed against him in said matter, and has neglected, failed and

refused to comply with the said order of said court, and failed, neglected and refused to purge himself of said contempt by apologizing for his said disrespectful conduct: Now, on this 21st day of April, A. D. 1891, the said William J. Rohde appeared in open court, before the judge thereof; and the judge thereof, to wit, Morris B. Sachs, thereupon called the attention of said William J. Rohde to the order of this court so as aforesaid made and entered on the 28th day of March, A. D. 1891, and further called the attention of said William J. Rohde to the fact that he had so failed, neglected and refused to comply with said order; and thereupon the said William J. Rohde, still failing, neglecting and refusing to comply with said order: Wherefore it is ordered, adjudged and decreed that said William J. Rohde has violated his official oath of office as an attorney at law, and has failed to maintain the respect due to this court, and the judicial officer thereof; and it is ordered, adjudged and decreed that the said William J. Rohde is and will not be permitted to appear as an attorney or counselor before this court until he does comply with said order, and until the further order of this court."

The question presented is as to the validity of said orders, and the regularity of the action of the court in said matter. The contention of the respondent is that, although the latter part of the first order above set out, and all of the second order, may be irregular, and the action of the court in entering the same may be ground of reversal on appeal, yet as the court had jurisdiction of the subject-matter, and of the person of the relator, there can be no relief against such orders by *mandamus*. This contention is doubtless correct, if the orders entered were such as, under any state of facts connected with the proceedings, the law would authorize. We think, however, that the latter part of the said first order, if it required anything at all more than the payment of the fine mentioned in said order, required something which the court had no right, under any circumstances, to order, and that this portion of said order was therefore not only voidable, but absolutely void, and

that for that reason there was absolutely no foundation for any of the proceedings which led to the entry of the second order, and that the said second order was therefore absolutely void as an entirety. This being so, we think this court could properly intervene, and by its writ of *mandamus* require said court to vacate and set aside said last named order, especially where, as in this case, the effect of said order was to deprive the relator of his right to appear in said court as an attorney thereof. His right so to appear was property, and could not be taken from him excepting by due process of law, and this court can intervene by this writ to prevent such deprivation. It follows that the peremptory writ of *mandamus,* commanding substantially the same as the alternative writ, must issue, and it is so ordered.

ANDERS, C. J., and STILES, DUNBAR, and SCOTT, JJ., concur.