[No. 3972. Decided July 13, 1901.]

*In the Matter of the Application of* CHARLES COULTER *for a Writ of Habeas Corpus.*

CONTEMPT — LEGALITY OF COMMITMENT.

Under Bal. Code, §5798, subd. 5, which provides that disobedience of any lawful judgment, decree, order or process of the court shall be deemed a contempt of court, and Id., § 5801, which provides that, where a contempt is not committed in the immediate presence and view of the court, "before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court," the court has no authority to punish defendant for contempt in refusing to apply money in his possession towards the satisfaction of a judgment,

as ordered by the court in supplemental proceedings, where the fact of such refusal is brought to the attention of the court by the return of the sheriff and not by way of an affidavit.

SAME—REVIEW IN HABEAS CORPUS PROCEEDINGS.

Although the court in proceeding in a contempt matter without having the facts constituting it shown by affidavit may be merely erroneously exercising jurisdiction, rather than acting without jurisdiction, yet the legality of the order of commitment may be inquired into by writ of habeas corpus, under Bal. Code, § 5826, which restricts courts or judges from inquiring into the legality of any judgment or process whereby the party is in custody for any contempt of court; but provides that an order of commitment as for a contempt upon proceedings to enforce the remedy of a party, shall not be included in the restrictions upon such inquiry.

*Ballinger, Ronald & Battle,* and *Humes, Miller & Lysons,* for petitioner.

*Preston, Carr & Gilman,* for respondent.

PER CURIAM.—This is an original application for a writ of habeas corpus. Briefly, the facts are these: On the 9th day of March, 1901, one J. Eugene Jordan, as plaintiff, began an action against the petitioner and another, as defendants, to recover the value of a certain quantity of gold dust which he alleged the defendants had received for and upon his account, and had wrongfully converted to their own use. After issue joined, a trial was had, which resulted in a money judgment in favor of the plaintiff. Execution was issued thereon, and returned unsatisfied. Thereupon the plaintiff instituted proceedings under the statute relating to proceedings supplemental to execution, averring in his affidavit therefor that the defendants had property, consisting of a certain quantity of gold dust, in their possession, and under their control, which they unjustly refused to apply towards the satisfaction of his judgment. On the hearing the court found that one of the defendants (the petitioner herein) had in

his possession and under his control the sum of $500 in money belonging to himself, which he unjustly refused to apply towards the satisfaction of the judgment, and entered an order directing that the petitioner pay the money forthwith to the sheriff, to be applied thereon. The sheriff immediately served the order upon the petitioner, and demanded of him payment of the money. Payment was refused, and the sheriff made return accordingly. On the return of the sheriff being filed, the court, of its own motion, and without any further showing, entered an order directing that the petitioner appear before the court at a time and place fixed therein, and show cause, if any he had, why he should not be punished as for contempt for the disobedience of the order. The petitioner appeared at the time and place named, and objected to any proceedings being had touching the order to show cause, for the reason that the court was without power to make the same, which objection being overruled, he answered to the merits, setting up substantially the matters alleged and shown at the original hearing. The answer was stricken out as sham, frivolous, and constituting no defense, after which, without further hearing, the court adjudged the petitioner guilty of contempt, and sentenced him to imprisonment in the county jail for a period of ninety days.

The statute (§ 5798, subd. 5, Bal. Code) provides that disobedience of any lawful judgment, decree, order, or process of the court shall be deemed a contempt of court. Section 5800 provides that, when a contempt is committed in the immediate view and presence of the court, it may be punished summarily; and § 5801 that in cases other than those mentioned in the preceding section (§ 5800), "before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court . . . ." While the power to

punish for contempt is inherent in all courts, as such power is essential to the preservation of order, the due enforcement of the judgments, orders, and processes of the court, and, consequently, to the due administration of justice, it is, nevertheless, in its nature, arbitrary, capable of abuse, and, when exercised, affects either the property or the personal liberty of the individual against whom it is directed. And while the legislature may not lawfully take away this power altogether, it can, undoubtedly, to prevent its abuse, and to preserve the just rights of the individual, reasonably limit its exercise; that is to say, it can declare what acts or omissions shall constitute contempt, define the character, and limit the amount of punishment that may be inflicted for their breach, and prescribe the method of procedure by which the recusant party shall be brought before the court, and the procedure to be followed upon his trial. It is clear that the contempt charged against the petitioner is not one committed in the immediate view and presence of the court, which can be punished summarily. It is equally clear that it is one which, by the terms of the statute, must be brought to the attention of the court by an affidavit stating the facts constituting the contempt before any proceedings can be taken therein. When, therefore, the lower court proceeded to punish the petitioner without following the prescribed procedure, it proceeded illegally, and without authority of law. It is no answer to say that the facts were brought before the court by the return of the officer. If the court may derive knowledge of the violation of its order from this source, it may, from any other source, even the oral statement of a stranger to the proceedings. More than this, the statute is imperative. It has made an affidavit essential to set the powers of the court in motion, and, although the rights of the parties may be as well pro-

34—25 WASH.

tected in a procedure had upon the return of the officer as in a procedure had upon an affidavit, yet the courts may not alter the statute.

It is said that the lower court, in proceeding in the matter without having before it an affidavit showing the facts constituting the contempt, was but erroneously exercising jurisdiction, not acting without jurisdiction, and that the legality of its order cannot be inquired into in habeas corpus proceedings. Conceding the construction put upon the action of the court to be correct, and the general rule of law to be as stated, it does not aid in the present case. The legality of an order of commitment as for contempt had upon proceedings to enforce the remedy of a party may be inquired into by this writ. Bal. Code, § 5826. *In re Van Alstine,* 21 Wash. 194 (57 Pac. 348).

The petitioner is entitled to his discharge, and it is so ordered.