(No. 5637.   Decided July 1, 1905.)

THE STATE OF WASHINGTON, *on the Relation of C. Victor Martin, Judge etc., Respondent,* v. E. K. PENDERGAST, *Prosecuting Attorney of Okanogan County, Appellant.*[1]

APPEAL—BOND—AMOUNT—SUFFICIENCY. Where, upon an appeal from a judgment of contempt, the court fixed the amount of the supersedeas bond, which was given before the journal entry of judgment, a subsequent appeal from the judgment cannot be dismissed for insufficiency of a second bond in the sum of $200, when such bond was not conditioned to effect a stay, but only as an appeal bond.

CONTEMPT—PARTIES—PRESIDING JUDGE—APPEAL—DISMISSAL. The trial judge is not a proper party to a proceeding for contempt in a court over which he presides, and when joined an appeal from the judgment will be dismissed as to him.

COURTS—JURISDICTION—PROCESS—ORDERS FORBIDDING PAYMENT OF COURT STENOGRAPHER. An order of the superior court, not made in any action or proceeding, and without pleading or process, forbidding the payment of county warrants for stenographer's fees in cases pending in such court, is void.

1Reported in 81 Pac. 324.

CONTEMPT—VOID ORDERS.  Advising the violation of a void order is not contempt of court.

CONTEMPT—PROSECUTION—AFFIDAVIT—NECESSITY OF.  A contempt committed without the presence of the court can only be prosecuted by affidavit stating the facts constituting the contempt.

CONTEMPT — SUMMARY PUNISHMENT — JUDGMENT — RECITATION OF FACTS—SUFFICIENCY—ORDER TO APOLOGIZE TO COURT—VALIDITY.  A judgment of contempt reciting that an attorney refused to obey an order of the court requiring him to apologize to the trial judge, cannot be upheld as a summary punishment of a contempt committed in the presence of the court, since such judgments must, under Bal. Code, § 5800, recite the facts constituting the contempt, and it was not contempt to refuse to apologize, such order exceeding the authority of the court.

Appeal from a judgment of the superior court for Okanogan county, Martin, J., made September 27, 1904, adjudging the appellant guilty of contempt of court, upon his refusal to comply with an order to apologize.  Reversed.

*E. W. Taylor* and *E. K. Pendergast,* for appellant.

*C. Victor Martin* and *Ira Thomas,* for respondent.

RUDKIN, J.—This is an appeal from the following order or judgment of the superior court of Okanogan county:

"It is hereby ordered, adjudged and decreed, that the clerk of this court enter this order, showing that on the 27th day of September, A. D. 1904, the said Honorable C. Victor Martin, while sitting as the presiding judge of this court, in open court, announced to said defendant that, unless he, the said defendant, apologized to him, the said Hon. C. Victor Martin, as such judge of said court, that he, the said defendant, would be in contempt of court, and the said defendant failing and refusing to apologize, the said Hon. C. Victor Martin then pronounced this judgment and sentence against the said defendant, to wit:  That said defendant E. K. Pendergast pay a fine of $50, and that he, the said defendant, be suspended from the practice of law in this court until said fine was paid, and said apology made."

The respondent moves to dismiss the appeal, on the ground that no sufficient appeal bond was given or filed. The order appealed from was made orally, on the 27th day of September, 1904. The appellant immediately gave notice of appeal therefrom, and applied to the court to fix the amount of the supersedeas bond pending the appeal. The court fixed the amount of such bond in the sum of $200, and on the same day a bond in the sum of $400, conditioned as both a cost and a supersedeas bond, was filed. No written entry of the order was made or filed for record until the 21st day of December, 1904. On the 26th of December, 1904, a second notice of appeal was given from the order as entered on the 21st inst., and a cost bond in the sum of $200 was filed on the same day. The motion to dismiss is based on the insufficiency of this second bond.

Counsel for respondent state in their motion that the bond is conditioned both as an appeal and a supersedeas bond, and is in an insufficient amount. But in this they are in error. The bond makes no reference whatever to a supersedeas, and is conditioned only for the payment of the costs and damages that may be awarded against the appellant, on the appeal or the dismissal thereof, as prescribed by Bal. Code, § 6505. The bond is therefore sufficient, and we are not called upon to decide whether any appeal bond is necessary on an appeal of this character. The motion to dismiss the appeal on the ground of the insufficiency of the bond is therefore denied.

The respondent Martin further moves to dismiss the appeal as to him, on the ground that he was improperly made a party to the proceeding. The statute provides, Bal. Code, § 5803, that in all cases of public interest the proceeding may be prosecuted by the prosecuting attorney on behalf of the state, and in all cases where the proceeding is commenced on the relation of a private party, such party shall be deemed a coplaintiff' with the state. The presiding judge is in no case a proper party to a proceeding for contempt in the court

over which he presides; and, as to the respondent Martin, the motion to dismiss must be granted.

Little need be said on the merits of the appeal. It appears that a controversy arose between the judge of the superior court of Okanogan county, and the county commissioners and county attorney thereof, over the employment of a stenographer to report the testimony in criminal cases pending in said court. On the 12th day of January, 1904, the board of county commissioners of said county adopted a resolution denying the authority of the superior judge to employ a stenographer in such cases at the expense of the county, and refusing to defray the expenses thereof. On the 17th day of May, 1904, the judge of the superior court made an order forbidding the county auditor and his deputies to issue any warrant or warrants in payment of the services of stenographers performed in such cases. On the 27th day of September, 1904, said court was engaged in the settlement of a statement of facts in a certain criminal case therein pending. In the course of the proceedings it developed that the statement of facts had been prepared by a stenographer at the expense of the county, and that the county auditor had paid for such services by warrant. The court thereupon directed the appellant, as prosecuting attorney of the county, to investigate the matter and, if he ascertained that the county auditor had issued warrants in violation of the above order of May 17, to proceed against him as for a contempt. The appellant was further directed to report to the court by seven o'clock that evening. At seven o'clock the appellant reported in writing to the effect that, in his opinion, the order of May 17 was null and void, and that he could not conscientiously make the necessary affidavit or prosecute the auditor for contempt. A somewhat heated controversy thereupon took place between the presiding judge and the prosecuting attorney, which resulted in the making of the order appealed from.

The appellant contends that he was adjudged guilty of

contempt for counseling and advising a violation of the order of the court of May 17, above referred to, and that the judgment against him is erroneous for several reasons: First, because no such contempt is shown by the record; second, because the order of May 17 was a nullity, and no contempt could arise from a violation thereof; and third, because such contempt, if any, could only be prosecuted by affidavit. Passing over the first reason assigned, the second and third are no doubt well grounded. The order of May 17 was not made in any pending action or proceeding. There was no pleading, no process, and no pretense of jurisdiction to make the order. Again, if counseling a violation of such order were a contempt at all, it was a contempt committed without the presence of the court, and could only be prosecuted by affidavit. *In Re Coulter,* 25 Wash. 526, 65 Pac. 759.

The respondent, on the other hand, contends, that the appellant was guilty of a contempt committed in the immediate view and presence of the court, and was summarily punished therefor. Should we adopt this view, it would not aid the cause of the respondent. Under Bal. Code, § 5800, when a party is guilty of a contempt committed in the immediate view and presence of the court, he may be punished summarily therefor, but "an order must be made reciting the facts as occurring in such immediate view and presence, determining that the person proceeded against is thereby guilty of contempt, and that he be punished as therein provided." By the next section, in all other cases the facts constituting the contempt must be brought to the attention of the court by affidavit. In every case of contempt, therefore, the facts constituting the alleged contempt must appear of record, either in the order made or in the affidavit filed. It requires no argument to show that the facts recited in the order appealed from do not constitute a contempt. An attorney is under no obligation to apologize to a court under any circumstances, and the court exceeds its

authority whenever it makes such a demand. *State ex rel. Rohde v. Sachs,* 2 Wash. 373, 26 Pac. 865, 26 Am. St. 857. The respondent concedes that so much of the order as attempts to suspend the appellant from the practice of the law is void, and we will not discuss that question. *State ex rel. Rohde v. Sachs, supra.*

The judgment of the court below must therefore be reversed, with directions to dismiss the proceeding.

MOUNT, C. J., DUNBAR, ROOT, CROW, FULLERTON, and HADLEY, JJ., concur.