[No. 5766. Decided November 22, 1905.]

THE STATE OF WASHINGTON et al., Respondents,
v. G. B. NICOLL et al., Appellants.[1]

INJUNCTIONS—JURISDICTION—TO ENJOIN ELECTION ON ANNEXATION OF TERRITORY TO CITY—APPEAL—DECISION—LAW OF CASE. Where it has been determined on appeal that the superior court had jurisdiction of a proceeding to enjoin a city election, the question is concluded and cannot be again urged upon a proceeding for a contempt in the violation of an order issued therein.

SAME—COMMENCEMENT OF ACTION—SUMMONS—JURISDICTION ACQUIRED UPON FILING COMPLAINT. As an action may, under Bal. Code, § 4869, be commenced by the filing of the complaint, to be followed by service of summons within sixty days, the court acquires jurisdiction to grant a temporary restraining order upon the filing of the complaint, and before service of a summons.

MUNICIPAL CORPORATIONS—OFFICERS—ENJOINED FROM HOLDING SPECIAL ELECTION—ELECTION ALREADY CALLED. Where a restraining order has been served upon the city officers, enjoining the holding of

[1]Reported in 82 Pac. 895.

an election, it is their duty to stop the election, and they cannot avoid punishment for contempt by showing that the election had already been called and the election officers appointed.

SAME—COURTS—JURISDICTION — GRANTING INJUNCTION WITHOUT NOTICE ON THE DAY BEFORE ELECTION—PROPRIETY—DISCRETION. While the propriety of enjoining a municipal election upon the eve of the election, without giving notice of the application, is questionable, the matter is within the discretion of the trial court, and objection thereto does not go to the jurisdiction of the court to make the order.

CONTEMPT—VIOLATION OF ORDER—PARTIES—JOINDER—SUFFICIENCY OF AFFIDAVIT. Where an affidavit in contempt proceedings against the mayor and council of a city alleges the violation by such officers of an order of court, after advising with the city attorney and upon the hearing the city attorney admits that he advised the violation of the order, the court has jurisdiction to order the city attorney made a party defendant, and to proceed against him as an original party to the proceedings without the filing of a new affidavit, although the statute provides that contempts not committed in the presence of the court can be prosecuted only upon affidavit stating the facts (CROW and FULLERTON, JJ., dissenting).

APPEAL—REVIEW—JUDGMENT OF CONTEMPT—DISCRETION. Contempt proceedings are summary, and so far as questions of law are concerned, the extent of the hearing is within the discretion of the court, which will not be reviewed when the conclusion arrived at is correct.

Appeal from a judgment of the superior court for King county, Yakey, J., entered April 28, 1905, upon a hearing before the court adjudging the defendants guilty of contempt of court. Affirmed.

*Herbert N. DeWolfe*, for appellants. A court of equity cannot, at the instance of a private citizen and taxpayer, sit in review of a proceeding by a city council to annex territory to the municipality. *Moores v. Smedley,* 6 Johns. Ch. 28; *Lane v. Morrill,* 51 N. H. 422; *Parmeter v. Bourne,* 8 Wash. 45, 35 Pac. 586, 757; *Shank v. Ravenswood,* 43 W. Va. 242, 27 S. E. 223; *Fletcher v. Tuttle,* 151 Ill. 41, 37 N. E. 683, 42 Am. St. 220, 25 L. R. A. 143; *New York Life Ins. Co. v. Supervisors,* 4 Duer 198; *Van Rensselaer v. Kidd,* 4 Barb. 17; *Hyatt v. Bates,* 40 N. Y. 164; *Tucker v. Freeholders,* 1 N. J. Eq. 282; *Camden v. Mulford,* 26 N. J. L. 49; 2 High,

Injunctions (3d ed.), §§ 1249, 1250; *McDonald v. Rehrer,* 22 Fla. 198; *Henry v. Steele,* 28 Ark. 455. The determination of the city council was final and binding on the courts, it having exclusive jurisdiction of the subject-matter under the statute. *Kuhn v. Port Townsend,* 12 Wash. 605, 41 Pac. 923, 50 Am. St. 911, 29 L. R. A. 445; *Ryan v. Varga etc. R. Co.,* 37 Iowa 78; *Delphi v. Startzman,* 104 Ind. 343, 3 N. E. 937; *In re Susquehanna Tp.,* 17 Pa. Co. Ct. 398; *Heffner v. County Com'rs,* 16 Wash. 273, 47 Pac. 420; *Ellis v. Karl,* 7 Neb. 381; *Mullikin v. Bloomington,* 72 Ind. 161; *United States ex rel. Dunlap v. Black,* 128 U. S. 40, 9 Sup. Ct. 12, 32 L. Ed. 354. A court of equity cannot contest a municipal election, or restrain an election or the canvass of the votes cast thereat. Const., art. 1, § 19; *State ex rel. Ellingsworth v. Carlson* (Neb.), 101 N. W. 1004; *Richards v. Klickitat County,* 13 Wash. 509, 43 Pac. 647; *Walton v. Develing,* 61 Ill. 201; *Smith v. McCarthy,* 56 Pa. St. 359; *Dickey v. Reed,* 78 Ill. 261; *People ex rel. Fitnam v. Galesburg,* 48 Ill. 485; *Green v. Mills,* 69 Fed. 852. A court of equity cannot restrain an election for irregularities when it is not alleged that any different result would be attained if the notice required by statute had been given. *Seymour v. Tacoma,* 6 Wash. 138, 32 Pac. 1077; *Williams v. Shoudy,* 12 Wash. 362, 41 Pac. 169; *State ex rel. Mullen v. Doherty,* 16 Wash. 382, 47 Pac. 958, 58 Am. St. 39; *Hesseltine v. Wilbur,* 29 Wash. 407, 69 Pac. 1094; *Baltes v. Farmers' Irr. Dist.,* 60 Neb. 310, 83 N. W. 83. A court of equity cannot decree what territory shall not be included within the limits of a municipality. *Forsyth v. Hammond,* 71 Fed. 443; *In re Village of Ridgefield Park,* 54 N. J. L. 288, 23 Atl. 674; *Territory ex rel. Kelly v. Stewart,* 1 Wash. 98, 23 Pac. 405, 8 L. R. A. 106; *Henry v. Steele,* 28 Ark. 455; *Kelly v. Pittsburgh,* 104 U. S. 78, 26 L. Ed. 658; *Glaspell v. Jamestown,* 11 N. D. 86, 88 N. W. 1023; *Galesburg v. Hawkinson,* 75 Ill. 152. A court of equity cannot restrain the annexation of territory to a municipal corporation upon the ground of un-

equal taxation. *Frace v. Tacoma,* 16 Wash. 69, 47 Pac. 219; *Kelly v. Pittsburgh,* 104 U. S. 78, 26 L. Ed. 658; *Ferguson v. Snohomish,* 8 Wash. 668, 36 Pac. 969, 24 L. R. A. 795. The annexation of territory to a municipal corporation is a political proceeding which in no manner affects property rights. *Stilz v. Indianapolis,* 55 Ind. 575; *State ex rel. Schroeder v. Superior Court,* 29 Wash. 1, 69 Pac. 366; *Selde v. Lincoln County,* 25 Wash. 198, 65 Pac. 192; *Sheridan v. Colvin,* 78 Ill. 237; *Taylor v. Kercheval,* 82 Fed. 497; *Luther v. Borden,* 7 How. 1, 12 L. Ed. 581. The mere allegation of fraud, the court having no jurisdiction of the subject-matter of the action, does not bring the case within the jurisdiction of a court of equity. *Cade v. Head Camp,* 27 Wash. 218, 67 Pac. 603; *Butte Hardware Co. v. Knox,* 28 Mont. 111, 72 Pac. 301; *Hartt v. Harvey,* 32 Barb. 55; *Cox v. Dawson,* 2 Wash. 381, 26 Pac. 973; *West Coast Grocery Co. v. Stinson,* 13 Wash. 255, 43 Pac. 35; *Wingard v. Jameson,* 2 Wash. Ter. 402, 7 Pac. 863. Equity has no jurisdiction to protect purely political rights. *State v. Stanton,* 6 Wall. 50, 18 L. Ed. 721; *State ex rel. McCaffery v. Aloe,* 152 Mo. 466, 54 S. W. 494, 47 L. R. A. 393; *Peck v. Weddell,* 17 Ohio St. 283; *Alderson v. Commissioners,* 32 W. Va. 640, 9 S. E. 868, 25 Am. St. 840, 5 L. R. A. 334; *Fletcher v. Tuttle,* 151 Ill. 41, 37 N. E. 683, 42 Am. St. 220 and note p. 234, 25 L. R. A. 143; Kerr, Injunction, §§ 1-3; *In re Sawyer,* 124 U. S. 200, 8 Sup. Ct. 482, 31 L. Ed. 402. The acts of the city officials in annexing the territory contrary to the mandate of the court did not amount to a contempt, the court having no jurisdiction of the subject-matter of the action or to issue the restraining order. *State ex rel. News Pub. Co. v. Milligan,* 4 Wash. 29, 29 Pac. 763; 2 High, Injunction, § 1454; *State ex rel. Victor Broom Co. v. Peterson,* 29 Wash. 571, 70 Pac. 71; *State ex rel. Evans v. Winder,* 14 Wash. 114, 44 Pac. 125; *Savage v. Sternberg,* 19 Wash. 679, 54 Pac. 611, 67 Am. St. 751; *Smith v. McCarthy,* 56 Pa. St. 359.

*McCafferty & Bell,* for respondents.

RUDKIN, J.—On the 21st day of April, 1905, the estate of Amos Brown, incorporated, filed its complaint in the court below, praying for an injunction enjoining and restraining the defendants, the City of West Seattle, its mayor, and city council, from holding a special election on the 22d day of April, 1905, for the purpose of determining whether certain territory should be annexed to said city. On the same day the court made an order, without notice, reciting that an emergency existed therefor, enjoining and restraining the said city, its mayor, and city council, from holding said election or from taking any action or proceeding whatever looking to the annexation of the territory sought to be annexed, until the further order of the court, and citing the defendants to appear and show cause on the 28th day of April, 1905, at the hour of 9:30, a. m., why a temporary injunction should not be granted as prayed. An injunction bond in the sum of $1,000 was filed with, and approved by, the clerk of the court, and certified copies of the restraining order were thereupon served upon the defendant city, its mayor, and councilmen, all of whom were made parties to the action.

On the 24th day of April, 1905, the secretary and general manager of the plaintiff corporation filed an affidavit in the cause in which the restraining order issued, reciting the granting of the order, the filing of the bond, and the service of the order on the defendants, and averring that notwithstanding the order and the service thereof the defendants held said election on the 22d day of April, 1905, after consultation with the city attorney for said city, and with full knowledge that such action was in direct violation of said order. Upon the filing of this affidavit, the court ordered the issuance of a bench warrant for the defendants, commanding the sheriff to apprehend them, and have them present before the court on the 25th day of April, 1905. A bench warrant issued as directed, and the defendants named therein were arrested and brought before the court

to show cause why they should not be punished as for a contempt.

The defendants appeared and moved the court to dissolve the restraining order, and to quash the warrant of arrest, on various grounds, but the motions were denied. At no time during the proceedings was the violation of the restraining order denied or challenged. On the contrary, the city attorney, who appeared for the defendants, admitted in open court the violation of the order, and that such violation was under his advice. The court thereupon, on motion of the plaintiff in the action in which the injunction was granted, joined the city attorney as a party to the contempt proceeding, adjudged each and all of them guilty of contempt, and fined the mayor and councilmen one dollar each, and the city attorney one hundred dollars. From this judgment, the defendants have appealed.

The principal contention of the appellants is that the court below was without jurisdiction to grant the injunction out of which the contempt arose. This question was decided adversely to the appellants, in *State ex rel. West Seattle v. Superior Court,* 36 Wash. 566, 79 Pac. 29; and again, on the application of the City of West Seattle *et al.,* for a writ of prohibition in the cause in which the injunction in question was granted. The question of jurisdiction is therefore no longer an open one in this court. The only additional reason assigned why the court had no jurisdiction was that no summons was served on the appellants, and an affidavit to that effect was filed at the hearing. Under Bal. Code, § 4869, a civil action is commenced by the service of a summons, or by the filing of a complaint, provided one or more of the defendants are personally served, or service by publication is commenced within ninety days thereafter. The court therefore acquired jurisdiction to grant the restraining order upon the filing of the complaint with the clerk of the court.

It is further contended that the election had been called

and officers appointed to conduct the same before the restraining order was granted, and that the mayor and city council had no further concern with the election except to canvass the returns. A city can only act through its officers. The mayor and city council called the election, and appointed officers to conduct the same, they had ample authority to stop the election, and it was their manifest duty to do so in obedience to an order of a court of competent jurisdiction. Complaint is also made that it was an abuse of discretion to grant the restraining order without notice on the eve of the election. The propriety of enjoining the holding of an election without notice is questionable, to say the least, especially where the parties affected thereby have ample notice of the election and an opportunity to give notice of the application for the restraining order, but the question of propriety is addressed to the discretion of the court and does not go to its jurisdiction.

It is next assigned as error on behalf of the city attorney that the court erred in joining him as a party with the other appellants in the pending proceedings for contempt. True, the statute provides that a contempt committed without the presence of the court can only be prosecuted by affidavit, setting forth the facts constituting the alleged contempt, and this court has held that the affidavit in such cases is jurisdictional. But in this case there was already an affidavit on file charging a violation of the order, after consultation with the city attorney, and the appellant now complaining admitted such violation in open court, and admitted that the order was violated under his advice. The chief office of the affidavit is to bring the facts constituting the alleged contempt to the attention of the court, and make the same a matter of record. When the contempt was admitted in the presence of the court, and was sufficiently set forth in an affidavit already on file against other parties, we do not think that the court exceeded its jurisdiction, or otherwise erred, in making the attorney a party to the proceedings.

The next and last assignment is that the court acted arbitrarily, and gave the appellants no opportunity to be heard. A party charged with contempt has the same right to be heard in his defense as a party charged with any other offense where life, liberty, or property is involved. Contempt proceedings, however, are summary in their nature, and the extent of the hearing, so far as it relates to questions of law alone, rests within the sound discretion of the court. The sole defense relied on by the appellants was a lack of jurisdiction in the court to grant the order which they had confessedly violated. The court decided that question correctly, and in accordance with a prior decision of this court. The question whether it arrived at its conclusion summarily or arbitrarily, or after the most painstaking investigation, is not subject to review here. Finding no error in the record the judgment is affirmed.

MOUNT, C. J., DUNBAR, and HADLEY, JJ., concur.

CROW, J. (dissenting) — I dissent from the majority opinion in so far as it affirms the judgment of the trial court finding the attorney, Herbert N. DeWolfe, guilty of contempt and imposing upon him a fine of $100, for the reason that I do not think said court had any jurisdiction to make such an order. I take it as conceded that any contempt that may have been committed by said attorney was not committed in the immediate view and presence of the court, as contemplated by Bal. Code, § 5800. This being true, the only method of procedure for the court to adopt, as against said DeWolfe, was that provided by Bal. Code, § 5801, which reads as follows:

"In cases other than those mentioned in the preceding section, before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he should not be arrested to

answer, or issue a warrant of arrest to bring such person to answer in the first instance."

There has been no attempt to proceed under said section. The only affidavit filed was made by one A. L. Brown, and contained charges of contempt directed only against defendants other than said attorney. In fact, the attorney's name was not even mentioned. The only possible reference to him was in the following language:

"That this affiant is informed and believes said defendants violated said restraining order after consultation with the city attorney of said city and with full knowledge that their action was in direct violation of the order of this court."

This language is just as susceptible of an interpretation that said defendants violated said order after being fully and correctly advised by said city attorney as to their obligations and duties to the court under said restraining order, as an interpretation that he knowingly advised them to wrongfully and wilfully violate the same. It is impossible to deduce from said language any intelligent or accurate idea as to the character of the advice actually given. With the utmost respect for the learned and honorable member of this court who wrote the majority opinion, I feel constrained to suggest that this language scarcely justifies his conclusion stated in these words:

"When the contempt was admitted in the presence of the court and was sufficiently set forth in an affidavit already on file against other parties, we do not think the court exceeded its jurisdiction or otherwise erred in making the attorney a party to the proceedings."

The only showing in the record as to any admissions made by the attorney appears from the following extract, taken from an order appearing in the court journal:

"The plaintiff's motion to enjoin Attorney DeWolfe as respondent to the cause is granted. The court after finding defendant in contempt, imposes fine of $1 upon each of the defendants, except Attorney DeWolfe, exception is allowed.

Attorney De Wolfe in open court states that upon his advice defendants violated restraining order, and he is fined $100."

The record before us contains a statement of facts duly certified, but it makes no reference to any such statement as being made by Attorney DeWolfe, in response to any charge preferred against him, or otherwise. The only inference that can be drawn from the entire record is that this statement, if made, was so made by the attorney when the other defendants were adjudged guilty, for the purpose of showing mitigating circumstances in their behalf. I do not wish to be understood as even intimating that, if said DeWolfe, without the presence of the court, advised his clients to violate said restraining order, he was not guilty of contempt; but do express the opinion that the question of his guilt was not before the court, for the reason that it did not have jurisdiction under any affidavit to proceed against him. The question now before this court is, not whether he was or was not guilty of contempt, but whether the trial court has ever obtained jurisdiction to proceed against him for an alleged contempt committed without its immediate view and presence. He has at all times objected to the jurisdiction of the court, and as to him this objection should have been sustained. In *In Re Coulter,* 25 Wash. 526, 65 Pac. 759, this court, after referring to said §§ 5800 and 5801, says:

" . . . 'before any proceedings can be taken therein, the facts constituting the contempt must be shown by an affidavit presented to the court . . . ' While the power to punish for contempt is inherent in all courts, as such power is essential to the preservation of order, the due enforcement of the judgments, orders, and processes of the court, and, consequently, to the due administration of justice, it is, nevertheless, in its nature, arbitrary, capable of abuse, and, when exercised, affects either the property or the personal liberty of the individual against whom it is directed. And while the legislature may not lawfully take away this power altogether, it can, undoubtedly, to prevent its abuse,

and to preserve the just rights of the individual, reasonably limit its exercise; . . . When, therefore, the lower court proceeded to punish the petitioner without following the prescribed procedure, it proceeded illegally, and without authority of law. It is no answer to say that the facts were brought before the court by the return of the officer. If the court may derive knowledge of the violation of its order from this source, it may, from any other source, even the oral statement of a stranger to the proceedings. More than this, the statute is imperative. It has made an affidavit essential to set the powers of the court in motion, and, although the rights of the parties may be as well protected in a procedure had upon the return of the officer as in a procedure had upon an affidavit, yet the courts may not alter the statute."

In *State ex rel. Martin v. Pendergast,* 39 Wash. 132, 81 Pac. 324, this court says:

"The appellant contends that he was adjudged guilty of contempt for counseling and advising a violation of the order of the court of May 17th, above referred to, and that the judgment against him is erroneous for several reasons: First, because no such contempt is shown by the record; second, because the order of May 17th was a nullity, and no contempt could arise from a violation thereof; and, third, because such contempt, if any, could only be prosecuted by affidavit. Passing over the first reason assigned, the second and third are no doubt well grounded. The order of May 17th was not made in any pending action or proceeding. There was no pleading, no process, and no pretense of jurisdiction to make the order. Again, if counseling a violation of such order were a contempt at all, it was a contempt committed without the presence of the court and could only be prosecuted by affidavit."

See, also, *State v. Canutt,* 26 Wash. 68, 66 Pac. 130.

In my opinion the judgment of the superior court as to the defendant DeWolfe should be reversed, for the reason that it was entered without jurisdiction of said defendant and was, as to him, absolutely void.

Fullerton, J., concurs with Crow, J.