[No. 4028–II.   Division Two.   March 13, 1980.]

*In the Matter of the Contempt of*
LAWRENCE W. MOORE,
*Appellant.*

*Lawrence W. Moore*, pro se.

*C. Danny Clem, Prosecuting Attorney*, and *Stephen E. Alexander, Deputy*, for respondent.

PETRIE, J.—The record before us discloses that at an undisclosed hour of the morning on September 19, 1978, the Honorable Jay W. Hamilton, Judge of the Superior Court for Kitsap County, addressing himself to appellant, Lawrence W. Moore, inquired why Mr. Moore had not appeared in court for a hearing scheduled to begin at 9 a.m. Mr. Moore responded:

Well, I was not here at nine o'clock because I just couldn't get here at nine o'clock.

Thereupon, the court declared:

You are hereby held in contempt of court, and you're fined $100 or 30 days in jail, and you can start now.

No further action of any kind was taken in Superior Court (except that apparently Mr. Moore paid the fine of $100), and on September 28, Mr. Moore filed a notice of appeal to the Supreme Court, declaring in part

that he appeals the *finding* of contempt by JUDGE HAMILTON on September 19, 1978.

(Italics ours.)

After Mr. Moore filed his appellant's brief, the Prosecuting Attorney for Kitsap County filed a motion on January 3, 1979, in the Supreme Court entitled: MOTION TO STRIKE APPELLANT'S BRIEF AND REMAND TO SUPERIOR COURT OF KITSAP COUNTY FOR ENTRY OF ORDER PURSUANT TO RCW 7.20.030.

The deputy prosecuting attorney who presented the *motion*, after declaring the fact that Mr. Moore "was found summarily in contempt," noted:

Thereafter, appellant contemnor filed a Notice of Appeal of Contempt and Petition for Review by the Supreme Court prior to the required entry of the order that is *mandated by RCW 7.20.030*[1] *for summary contempt.*

(Italics ours.)

The matter was heard by Department One of the Supreme Court on January 19, and 4 days later the court entered an order requesting additional briefs discussing several questions propounded by the court, including a request to discuss whether or not the applicable statute was RCW 7.20.030 or 7.20.040.[2]

---

[1]RCW 7.20.030 provides:

"When a contempt is committed in the immediate view and presence of the court or officer, it may be punished summarily, for which *an order must be made reciting the facts* as occurring in such immediate view and presence, determining that the person proceeded against is thereby guilty of contempt, and that he be punished as therein prescribed." (Italics ours.)

[2]RCW 7.20.040 provides:

"In cases other than those mentioned in RCW 7.20.030, before any proceedings can be taken therein, the facts constituting *the contempt must be shown by an affidavit* presented to the court or judicial officer, and thereupon such court or officer may either make an order upon the person charged to show cause why he

Following a hearing without oral argument the court entered a notation order on March 16, 1979, and a copy of the same was transmitted to both counsel. The order disposes of the prosecutor's motion as follows: DENIED— WITHOUT PREJUDICE TO APPLY FOR AN APPROPRIATE ORDER TO THE TRIAL COURT.

■ Thereafter, the matter was "transferred for determination" to this division of the Court of Appeals. To date, no such order of the trial court has been filed in this court or elsewhere. In every case of contempt, whether proceeded under RCW 7.20.030 or 7.20.040,

> the facts constituting the alleged contempt must appear of record, either in the order made or in the affidavit filed.

*State ex rel. Martin v. Pendergast,* 39 Wash. 132, 136, 81 P. 324 (1905).

Because neither an affidavit nor an order has ever been filed, we must reverse the "finding" with direction to dismiss the proceeding. Upon proper application, the fine collected will be refunded. It is so ordered.

PEARSON, A.C.J., and PETRICH, J., concur.

---

should not be arrested to answer, or issue a warrant of arrest to bring such person to answer in the first instance." (Italics ours.)