[No. 11128.   Department One.   April 28, 1913.]

THE STATE OF WASHINGTON, *on the Relation of the Board of Commissioners of King County, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

PROHIBITION—WHEN LIES—ADEQUATE REMEDY BY APPEAL—JUDG-MENT OF CONTEMPT.   Prohibition does not lie to prevent the enforce-ment of an order in contempt proceedings alleged to have been entered without jurisdiction, since there is an adequate remedy by appeal, under Rem. & Bal. Code, § 1062, providing that either party to a proceeding for a contempt may appeal from the judgment as in other cases, which entitles the appellant to a stay of execution pend-ing appeal.

Application filed in the supreme court April 2, 1913, for a writ of prohibition to the superior court for King county, Humphries, J., to prevent the enforcement of an order in contempt proceedings.   Denied.

*John F. Murphy* and *Samuel Morrison*, for relator.

*Edward Judd, Wilmon Tucker*, and *Jay C. Allen, amici curiae*.

MOUNT, J.—Application for the writ of prohibition.

On April 1, 1913, the judge in department 5 of the supe-rior court of King county entered an order finding the rela-tors guilty of contempt, and directed their arrest and im-prisonment.   Whereupon the relators filed a petition here for a writ of prohibition, on the ground that the judge of the superior court was acting without jurisdiction and that his order was void.   Upon this hearing counsel for respond-ent contends, among other things, that the writ of prohibi-tion is not the proper remedy.   This contention must be sus-tained.

In *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395, after reviewing many cases in this court upon the question here presented, we held that the extraordinary writ of prohibi-

[1]Reported in 131 Pac. 816.

tion would not lie where there was an adequate remedy by appeal, and that the adequacy of the remedy by appeal is the true test in all cases and not the mere question of jurisdiction or lack of jurisdiction in the court below to render the judgment, and that the adequacy of the remedy by appeal does not depend upon a mere question of delay or expense. See, also, *State ex rel. Peterson v. Superior Court*, 67 Wash. 370, 121 Pac. 836.

In the case last cited, where the writ was applied for on a show cause order which threatened the relator in that case with punishment for contempt, we held that such order was not an appealable order, and that the relator could not be required to await a final order, and that a remedy by appeal was not adequate, and for that reason the writ issued. But in this case the final order was made before application for the writ. So that the question before us now is whether the relators have an adequate remedy by appeal. We think there can be no doubt upon this question, for the statute (Rem. & Bal. Code, § 1062) provides as follows:

"Either party to a judgment in a proceeding for a contempt may appeal therefrom in like manner and with like effect as from judgment in an action.   .   .   ."

See, also, *State ex rel. Martin v. Pendergast*, 39 Wash. 132, 81 Pac. 324; *State ex rel. Olson v. Allen*, 14 Wash. 684, 45 Pac. 644; *State ex rel. Denham v. Superior Court*, 28 Wash. 590, 68 Pac. 1051.

In the last case cited, we held that, on an appeal from a judgment for contempt, the appellant is entitled to the provisions of law governing appeals, including the right to a stay of execution pending his appeal. And where the court refuses to fix a supersedeas bond, he may be compelled to do so by a writ of mandamus.

It is plain, therefore, that the relators have a plain, speedy and adequate remedy by appeal. The writ is therefore denied.

CROW, C. J., ELLIS, PARKER, and MAIN, JJ., concur.