(July 1, 1915.)

B. F. OLDEN, Plaintiff, v. MELBA JULE PAXTON and CHARLES P. McCARTHY, Judge of Third Judicial District in and for Ada County, Defendants.

[150 Pac. 40.]

WRIT OF PROHIBITION—CONDITION NECESSARY TO ISSUANCE OF WRIT.

1. Before a writ of prohibition will lie, two contingencies must arise; first, that the tribunal, corporation, board or person is proceeding without or in excess of its jurisdiction; second, that there is not a plain, speedy and adequate remedy in the ordinary course of law. (Secs. 4994 and 4995, Rev. Codes.)

2. *Held,* under the facts in this case, petitioner has a plain, speedy and adequate remedy in the ordinary course of law, and no pressing necessity appearing to warrant the interposition of the writ of prohibition, it is denied.

Original application for writ of prohibition. Demurrer to petition sustained, *writ denied* and proceeding dismissed.

J. B. Eldridge, for Plaintiff.

The writ will issue whenever the district court is proceeding without or in excess of its jurisdiction. (*Cronan v. District Court,* 15 Ida. 184, 96 Pac. 768; *Clark v. Rossier,* 10 Ida. 348, 78 Pac. 358, 3 Ann. Cas. 231.)

The general demurrer filed by counsel to the petition herein is not sufficient to raise the question of the remedy, but only goes to the sufficiency of the petition itself. The writ should lie in all such cases. (*McLean v. District Court,* 24 Ida. 441, 134 Pac. 536; *Connolly v. Probate Court,* 25 Ida. 35, 136 Pac. 205; *Baker v. Gooding County,* 25 Ida. 506, 138 Pac. 342.)

Wood, Driscoll & Wood, for Defendants.

To entitle a person to a writ of prohibition, not only must the question raised be one of jurisdiction of the inferior tribunal, but there must be total lack of any other plain,

speedy and adequate remedy in the ordinary course of law. (*State ex rel. Miller v. Superior Court,* 40 Wash. 555, 111 Am. St. 925, 82 Pac. 877, 2 L. R. A., N. S., 395; 32 Cyc. 613-617; *Lindley v. Superior Court,* 141 Cal. 220, 74 Pac. 765; *Pickering v. Justice,* 16 N. M. 37, 113 Pac. 619; *State v. Superior Court,* 73 Wash. 296, 131 Pac. 816; *Rust v. Stewart,* 7 Ida. 558, 64 Pac. 222.)

The writ will not issue where there is a plain, speedy and adequate remedy (*Willman v. District Court,* 4 Ida. 11, 35 Pac. 692; *Bellevue Water Co. v. Stockslager,* 4 Ida. 636, 43 Pac. 568), and appeal to this court is such remedy.

BUDGE, J.—This is an original application in this court for writ of prohibition to restrain Honorable Charles P. McCarthy, district judge of the third judicial district for Ada county, from proceeding further with the trial of a cause wherein Melba Jule Paxton, formerly Melba Jule Parsons, as plaintiff, seeks to recover from the defendant, B. F. Olden and his bondsmen, Idaho Trust & Savings Bank, Limited, the sum of $3,500, alleged by plaintiff to be the value of certain jewelry which came into the possession of the said Olden while acting as administrator of the estate of Mary Elizabeth Welpley Parsons, deceased, and which, plaintiff alleges, has never been accounted for nor delivered to her under the will as the only heir of said Mary Elizabeth Welpley Parsons, mother by adoption of plaintiff, who died September 12, 1906.

It is alleged in the complaint, among other things, that B. F. Olden was, on October 17, 1906, appointed administrator with the will annexed of the estate of Mary Elizabeth Welpley Parsons; that the said Olden converted all of said property to his own use prior to his discharge as administrator; and that, though plaintiff has frequently demanded the possession of said property from said administrator, these demands have been refused.

After the usual preliminary motions and demurrers, the defendant answered in the trial court and the cause was thereafter called for trial. The plaintiff insisted upon a trial by a jury and over defendant's objection was sustained.

Motion was then made to dismiss said cause of action upon the ground and for the reason that the court had no jurisdiction to hear the matter and, on denial of said motion, the present proceeding was instituted.

The petitioner sets out in his petition for the writ numerous allegations contained in the complaint of the plaintiff below, which are in contradistinction to the decree of the probate court approving the final account of the administrator of the estate of Mary Elizabeth Welpley Parsons, deceased, the entering of a decree of distribution by said probate court, the final discharge of said administrator, and the release and exoneration of his sureties, which complaint, counsel for petitioner contends, constitutes a collateral attack on the judgment of the probate court.

To the petition for writ of prohibition a demurrer was interposed by counsel for respondent.

We do not deem it necessary to call attention to, or specifically point out in this opinion, the various allegations of the plaintiff's complaint, or the allegations contained in the petition for the writ of prohibition. Petitioner's contention is based upon the ground that the trial court is without jurisdiction as *a court of law,* and he objects to having the judgment of the probate court collaterally attacked and tried out in a court of law before a jury, but admits that this action may be heard and determined by a court of equity.

When a court has any jurisdiction either at law or in equity, a writ of prohibition will not lie. (*Shell v. Cousins,* 77 Va. 328.) For, as held in the case of *Rust v. Stewart,* 7 Ida. 558, 64 Pac. 222, "The writ of prohibition is an extraordinary remedy which issues, not as a matter of right, but in the sound discretion of the court . . . . but does not lie when a plain, speedy, and adequate remedy, in the ordinary course of law exists. The peremptory writ of prohibition will not issue to restrain a district court from proceeding in a certain manner in a proceeding before it, where it is apparent that the action of such district court can be reviewed speedily in one of the modes prescribed by law."

Sec. 4994, Rev. Codes, must be read and construed in connection with sec. 4995. The former provides: ''The writ of prohibition is the counterpart of the. writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person.'' The latter provides: ''It may be issued by any court except probate or justices' courts, to an inferior tribunal, or to a corporation, board, or person, in all cases where there is not a plain, speedy, and adequate remedy in the ordinary course of law. . . . . ''

Thus, two contingencies must arise before the writ of prohibition will issue, viz., that the tribunal, corporation, board or person is proceeding without or in excess of the jurisdiction of such tribunal, corporation, board or person; and that there is not a plain, speedy and adequate remedy in the ordinary course of law.

It is claimed by counsel in the case at bar that this is a proper case for the invocation of the extraordinary writ of prohibition, because the court is proceeding without jurisdiction; not because the defendant has no plain, speedy and adequate remedy in the ordinary course of law. In the case of *Lindley v. Superior Court of Siskiyou County,* 141 Cal. 220, 74 Pac. 765, the court held that where a superior court is without jurisdiction, there is a remedy by appeal from any adverse judgment affecting the petitioner, and the fact that the trial will be expensive and troublesome is not a sufficient ground for interfering by prohibition. The establishment of a rule allowing a resort to a writ of prohibition on that ground alone, would involve too serious and too frequent interruptions to the business of the court.

In the case of *State ex rel. Board of Commrs. of King County v. Superior Court,* 73 Wash. 296, 131 Pac. 816, the court held that the extraordinary writ of prohibition would not lie where there was an adequate remedy by appeal, and that the adequacy of the remedy by appeal is the true test in all cases, and not the mere question of jurisdiction or lack of jurisdiction in the court below to render the judgment.

Also that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense. In *Willman v. District Court, etc.,* 4 Ida. 11, 35 Pac. 692, this court said: "The adequacy of a remedy is not to be tested by the convenience or inconvenience of the parties to a particular case."

In the case of *Bellevue Water Co. v. Stockslager,* 4 Ida. 636, 43 Pac. 568, this court held: "The writ of prohibition is the counterpart of the writ of mandate and subject to the same conditions. It will not issue where there is an adequate remedy at law."

In the case of *Sherlock v. Mayor & City of Jacksonville,* 17 Fla. 93, the court in its opinion said: "It is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists, and it is always a sufficient reason for withholding the writ that the party aggrieved has another and complete remedy at law. (High on Ex. Rem., sec. 770, and authorities cited.) And the writ will not be allowed to take the place of an appeal. In all cases, therefore, where the party has ample remedy by appeal from the order or judgment of the inferior court, prohibition will not lie, no such pressing necessity appearing in such cases as to warrant the interposition of this extraordinary remedy, and the writ not being one of absolute right, but resting largely in the sound discretion of the court."

"Thus, where the defendant in an action instituted in an inferior court pleads to the jurisdiction of the court and his plea is overruled, no sufficient cause is presented for granting a prohibition, since ample remedy may be had by an appeal from the final judgment in the case."

In the case of *People ex rel. v. District Court of Larimer County,* 11 Colo. 574, 19 Pac. 541, where a district court had overruled an objection to its jurisdiction of the subject matter of an action pending before it, and was about to adjudicate the cause on the merits, it was held that this would not

authorize a writ of prohibition, as the objection could be examined on appeal or error.

And also in the case of *State v. District Court of Ramsey County,* 26 Minn. 233, 2 N. W. 698, the court said: "Where, in an ordinary action in the district court, it is alleged that the court has not jurisdiction over the person, the proper remedy is to get the decision of the court upon that question, and review such decision upon an appeal from the judgment. If there be an adequate remedy by appeal, prohibition is not the proper remedy."

In *State ex rel. v. Seay,* 23 Mo. App. 623, the court in its opinion says: "To determine, in the first instance, its own jurisdiction, as far as the same rests upon contested facts, is a legitimate exercise of the judicial powers of any tribunal, and though it may err in such determination, its so doing is not a usurpation of judicial authority, but error, for which the proper remedy of the party aggrieved is by appeal. It must be an extraordinary case indeed, and one calling for immediate relief, which will justify an appellate tribunal to try a jurisdiction depending on contested facts, by prohibition.

"It is settled that *mandamus* does not lie, where the party aggrieved has a remedy by appeal. . . . . By parity of reasoning prohibition, which is but a negative *mandamus,* should not lie, unless, at least, the case presents features clearly indicative of the fact that the remedy by appeal is wholly inadequate."

It was held by the supreme court of Washington *State ex rel. Townsend Gas etc. Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 933, that an application for the extraordinary writ of *mandamus* or prohibition would not be entertained by that court when it appeared that there was an adequate remedy by appeal, notwithstanding it might also appear that the court was acting without jurisdiction. The same court in *State ex rel. Carrau v. Superior Court,* 30 Wash. 700, 71 Pac. 648, affirmed this doctrine and also the principle that the expense of appeals and the delays and annoyances incident to an appeal do not affect the adequacy of the appeal.

In view of the congested condition of the calendar of this court, it becomes absolutely necessary, in order to expedite the business of the court, that, in granting writs of prohibition, *mandamus* and review, we adhere strictly to the law governing these writs and, in the exercise of the court's discretion in matters of this kind, we cannot take into consideration the annoyance, expense or delay in determining whether or not these extraordinary writs should issue. The number of applications for the issuance of extraordinary writs is increasing so rapidly that it is apparent to our minds a strict observance of the law, as applied by the greater weight of authority in the issuance of such writs, should be adopted by this court, and such a writ should not issue where the aggrieved party has another adequate remedy.

The demurrer must be sustained and the writ denied. It is so ordered. Costs are awarded to defendants.

Sullivan, C. J., and Morgan, J., concur.