Points Decided.

(July 27, 1921.)

THE NATATORIUM COMPANY, a Corporation, Plaintiff,
v. GEORGE E. ERB, E. M. SWEELEY and J. M.
THOMPSON, Comprising the PUBLIC UTILITIES
COMMISSION OF THE STATE OF IDAHO, De-
fendants, and BOISE CITY, a Municipal Corporation;
JESSIE S. HURTT and EDWARD STEIN, Inter-
venors.

[200 Pac. 348.]

PUBLIC UTILITIES COMMISSION—JURISDICTION—REMEDY BY APPEAL—
ADEQUACY — COMMISSION AS INTERVENOR — WITHDRAWAL BEFORE
JUDGMENT—COMMISSION NOT JUDICIAL BODY.

1. The adequacy of the remedy by appeal does not depend
upon and is not to be tested merely by the delay, expense or in-
convenience which may result to the party availing himself of such
remedy.

2. *Held,* in the instant case, that the provisions of Const., art.
5, sec. 9, as amended in 1920, and Sess. Laws, chap. 72, p. 141,
passed by the legislature for the purpose of making effective
said section as amended, afford plaintiff herein an adequate remedy
by appeal from any order of the Public Utilities Commission to
this court.

3. The Public Utilities Commission, in exercising the powers
conferred upon it by the legislature, must in each instance first
pass upon the question of its own jurisdiction, and in so doing
it exercises a judicial function, but not a judicial power.

4. An intervenor in a case in court is not estopped by the
judgment of that court where he withdrew from the case before
judgment and his claim was not passed upon by such judgment.

5. *Held,* that the intervention of the Public Utilities Commis-
sion in an action in the district court where plaintiff herein was
a party and the same question was involved as here presented
raises no presumption that the commission as such entertains bias
or prejudice against this plaintiff, but, on the contrary, the pre-
sumption is that in a proceeding before it the commission will be
guided only by the evidence therein adduced.

6. The Public Utilities Commission is, an arm of the legislative
authority and not a court of justice within the meaning of Const.,
art. 1, sec. 18.

Original application for Writ of Prohibition. *Denied.*

Richard H. Johnson and C. H. Nixon, for Plaintiff.

A Public Service Commission is without power to compel a hearing before it, of a private corporation, over which it has no jurisdiction. (*Quinby v. Public Service Commission,* 223 N. Y. 244, P. U. R. 1918D, 30, 3 A. L. R. 685, 119 N. E. 433, 22 R. C. L., p. 21, sec. 20.)

The question of whether or not plaintiff is a public utility is a judicial question. (*Neil v. Public Utilities Commission,* 32 Ida. 44, 178 Pac. 271.) In this case the question has been determined by a district court adversely to the defendants. In other words, the plaintiff's status at present is that it is not a public utility. This ground of itself would justify the overruling of the demurrer. (*Chandler v. Railroad Commrs.,* 141 Mass. 208, 5 N. E. 509; *State v. Young,* 29 Minn. 474, 485, 493, 9 N. W. 737; *Oklahoma City v. Corporation Commission,* 80 Okl. 194, 195 Pac. 498.)

The commission itself went on record in its verified petition and complaint in the case of *Stoehr v. Natatorium Co.,* that plaintiff was a public utility.

To compel a litigant to submit to a judge who has already prejudged the matter would be manifestly farcical and wrong. (*State ex rel. Barnard v. Board of Education,* 19 Wash. 8, 67 Am. St. 706, 52 Pac. 317, 40 L. R. A. 317; *State ex rel. McAllister v. Slate,* 278 Mo. 570, 214 S. W. 85, 8 A. L. R. 1226, 1238.)

Roy L. Black, Attorney General, and A. H. Conner, Assistant, for Defendants.

An appeal may be taken to the supreme court from any order of the Public Utilities Commission. (Sec. 9, art. 5 (as amended in 1920); chap. 72, Laws 1921, p. 141.)

The adequacy of the remedy by appeal does not depend upon delay, expense or the convenience of the parties.

(*Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40; *Blackwell Lumber Co. v. Flynn*, 27 Ida. 632, 150 Pac. 42; *Willman v. District Court*, 4 Ida. 11, 35 Pac. 692; *Fraser v. Davis*, 29 Ida. 70, 156 Pac. 913, 158 Pac. 233; *State ex rel. Board v. Superior Court*, 73 Wash. 296, 131 Pac. 816; *Chicago & N. W. R. R. Co. v. Dougherty*, 39 S. D. 147, 163 N. W. 715, P. U. R. 1917F, 617; *Lindley v. Superior Court*, 141 Cal. 220, 74 Pac. 765; *People v. District Court*, 11 Colo. 574, 19 Pac. 541; *State v. Superior Court*, 20 Wash. 502, 55 Pac. 933; *State ex rel. Carrau v. Superior Court*, 30 Wash. 700, 71 Pac. 648; *Agassiz v. Superior Court*, 90 Cal. 101, 27 Pac. 49.)

Former adjudication is not binding on an intervenor or party who withdraws or abandons his claim. An intervenor, to be bound, must make himself actively and substantially a party. (*Keane v. Pittsburg Lead Mining Co.*, 17 Ida. 179, 105 Pac. 60; *Wilson v. Trowbridge*, 71 Iowa, 345, 32 N. W. 373; *Guthrie v. Pierson* (Tex. Civ. App.), 35 S. W. 405; *Lincoln Upholstering Co. v. Baker*, 82 Neb. 592, 118 N. W. 321; 23 Cyc. 1243, 1249–1251; *Deering & Co. v. Richardson-Kimball Co.*, 109 Cal. 73, 41 Pac. 801; *Singleton v. National Land Co.*, 183 Iowa, 1108, 167 N. W. 97; Black on Judgments, 2d ed., sec. 576, p. 822.)

The estoppel of a former adjudication extends only to the facts that were in issue. Changed conditions of fact or law make former adjudication inapplicable. (23 Cyc. 1161, 1290, 1314; 10 Ency. U. S. Sup. Ct. Rep. 772; Black on Judgments, 2d ed., p. 925.)

The Public Utilities Commission exercises legislative powers and in doing so it has the right to reach conclusions and make decisions on questions which must ultimately be decided by the courts. It thus exercises judicial functions but not judicial powers. (*Idaho Power & Light Co. v. Blomquist*, 26 Ida. 222, Ann. Cas. 1916E, 282, 141 Pac. 1083; *Neil v. Public Utilities Commission*, 32 Ida. 44, 178 Pac. 271.)

J. M. Lampert, Davidson & Davidson and Kendrick Johnson, for Intervenors, file no brief.

BUDGE, J.—This is an original application for writ of prohibition to prohibit and restrain the Public Utilities Commission of Idaho from proceeding with the hearing of an order to show cause in the matter of rates charged by the Natatorium Company for hot-water service, or with any other matter relating to the regulating of the rates of said company for such service until final determination by the courts of the question whether plaintiff is a public utility. Upon the filing of plaintiff's affidavit, an alternative writ was issued by this court, and defendants have demurred to the affidavit and moved to quash the writ.

Plaintiff's affidavit discloses that on Oct. 28, 1920, the commission issued and served upon plaintiff an order to show cause why plaintiff should put into effect certain rates for its hot-water service other than those contained in the schedule of rates on file with the commission; that plaintiff appeared specially before the commission and moved to dismiss the proceedings on the ground that it was not a public utility as to its hot-water service; that on Dec. 27, 1920, plaintiff's attorney requested that the hearing before the commission on the show cause order be continued until the final determination of the case of *Stoehr v. The Natatorium Company,* then pending in the district court; that this request was denied, and that on April 16, 1921, the commission notified plaintiff that it would proceed with the hearing on the order to show cause.

It further appears from the affidavit that the case of *Stoehr v. The Natatorium Company* was commenced in the district court on Dec. 22, 1920, to procure a writ of mandate to compel the company, as a public utility, to furnish Stoehr with hot water for heating purposes; that the company filed its answer on the same day, denying that it was a public utility; that on Dec. 28, 1920, the commission intervened in the action, and filed its complaint in intervention, alleging

that plaintiff was a public utility; that the commission withdrew from the case by permission of the court on Feb. 12, 1921; that on Feb. 14, 1921, the court rendered its decision to the effect that the company was not a public utility; and that an appeal is now pending from that judgment to this court.

In support of its application, counsel for plaintiff makes four contentions:

1. That prohibition is the proper remedy in this case for the reason that the appeal from orders of the commission as provided by Const., art. 5, sec. 9, and Sess. Laws 1921, p. 141, is not a plain, speedy and adequate remedy, for the reason that it is not broader than the scope of review vested in this court under C. S., sec. 2504, and that should the commission decide adversely to plaintiff it would be. confronted with two alternatives, either to appeal and incur the risk of having this court refuse to review the facts, or to ignore the commission's order and compel it to go into the district court to enforce its order and there again try out the issue which has already been tried and determined in the Stoehr case.

2. That the commission is without jurisdiction to determine whether plaintiff is a public utility, that being a judicial question, which has been decided in the negative by a court of competent jurisdiction.

3. That the commission ought not to pass upon that question for the reason that it intervened in the Stoehr case and alleged that plaintiff was a public utility, and

4. That the writ should issue in aid of the appellate jurisdiction of this court, since the same question was decided in the Stoehr case, now on appeal.

C. S., sec. 7267, provides: "The writ of prohibition . . . . arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are · without or in excess of the jurisdiction of such tribunal, corporation, board or person."

And C. S., sec. 7268, provides that the writ of prohibition may be issued: " . . . . to an inferior tribunal . . . . in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law."

This court held in *Rust v. Stewart*, 7 Ida. 558, 64 Pac. 222, that: "Prohibition may issue to restrain an inferior tribunal from exceeding its jurisdiction, but does not lie where a plain, speedy and adequate remedy, in the ordinary course of law exists." See, also, *Bellevue Water Co. v. Stockslager*, 4 Ida. 636, 43 Pac. 568, and *Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40.

In the latter case this court held that: "Before a writ of prohibition will lie, two contingencies must arise, first, that the tribunal, corporation, board or person is proceeding without or in excess of its jurisdiction; second, that there is not a plain, speedy and adequate remedy in the ordinary course of law."

The scope of review by this court on appeal from the Public Utilities Commission is not before us in this proceeding. Nor do we think that the adequacy of plaintiff's remedy by appeal is impaired by reason of the fact that in taking an appeal plaintiff incurs the risk of having this court affirm the action of the commission, or by reason of the fact that it also has an alternative remedy by ignoring any order which the commission may make against it and forcing the commission to try out the issue a second time before the district court.

As was held by this court in *Willman v. District Court*, 4 Ida. 11, 35 Pac. 692: "The adequacy of a remedy is not to be tested by the convenience or inconvenience of the parties to a particular case."

The adequacy of the remedy by appeal does not depend upon mere delay, expense or inconvenience. (*State ex rel. Board of Commrs. of King County v. Superior Court*, 73 Wash. 296, 131 Pac. 816.)

Const., art. 5, sec. 9, as amended in 1920, provides: "That the Supreme Court shall have jurisdiction to review upon

appeal . . . . any order of the public utilities commission. The legislature may provide conditions of appeal, scope of appeal, and procedure on appeal from the orders of the public utilities commission.''

Sess. Laws 1921, p. 141, provides that: ''Any party aggrieved may appeal to the supreme court from any order of the public utilities commission for the purpose of having the lawfulness of such order inquired into and determined.''

These provisions, we think, afford plaintiff an adequate remedy by appeal.

While we are of the opinion that the writ of prohibition is not a proper remedy, we have, nevertheless, examined and will briefly discuss the remaining questions urged by plaintiff.

Conceding that the question of whether plaintiff is a public utility is a judicial question, and must be determined as such by a court of competent jurisdiction, nevertheless the commission, in exercising the powers conferred upon it by the legislature, must necessarily pass upon its own jurisdiction in the first instance, and in doing so it exercises a judicial function, but not a judicial power. While its decision is not a final adjudication of the question of jurisdiction, yet in every case before the Public Utilities Commission, it must in the first instance determine from the evidence before it whether the utility with which it is seeking to deal is a public utility, for unless it be a public utility, the commission is without any jurisdiction over it whatsoever, and this determination can only be made by the exercise of judicial functions.

Judicial functions may be exercised by bodies possessing no judicial power whatever. (*Drainage Dist. Commrs. v. Griffin,* 134 Ill. 330, 25 N. E. 995.)

With respect to the third contention, plaintiff alleges that defendants withdrew their complaint in intervention before a final determination of the case. The rule upon this question is correctly stated in the case of *Guthrie v. Pierson* (Tex. Civ. App.), 35 S. W. 405, in the following language:

"An intervenor in a case is not estopped by the judgment where he withdrew from the case and his claim was not passed upon."

The action of the commission in intervening in the Stoehr case raises no presumption that the commission, as such, entertains bias or prejudice against the plaintiff. On the contrary, the presumption is that in an action before it, it will be guided by the evidence adduced therein. Moreover, the commission is an arm of the legislative authority, and not a court of justice, within the meaning of Const., art. 1, sec. 18, which, therefore, has no application.

Neither are we of the opinion that this is a proper case where the writ of prohibition should issue in aid of the appellate jurisdiction of this court. What is not a public utility to-day may become one to-morrow, i. e., the status of a corporation may change, and a water corporation which is not now a public utility may subsequently become one.

From what has been said it follows that the demurrer to plaintiff's affidavit should be sustained. The petitions in intervention and the briefs filed in support thereof need not, therefore, be considered. The alternative writ should be quashed and the writ of prohibition denied, and it is so ordered. Costs are awarded to defendants.

Rice, C. J., and McCarthy, Dunn and Lee, JJ., concur.