(No. 6201.  July 19, 1935.)

KOOTENAI COUNTY, IDAHO, Appellant, v. J. I. KIN-
MAN and MURIEL KINMAN, husband and wife,
Respondents.

[47 Pac. (2d) 887.]

J. Ward Arney and Miles F. Egbers, for Appellant.

No appearance for Respondents.

Hawkins & Hawkins filed a brief as friend of the court.

MORGAN, J.—This action was commenced by Kootenai County to enjoin Kinman and his wife from maintaining a fence and gate across a public road. Judgment was for defendants, and the county appealed.

It is alleged in the complaint, and admitted in the answer, that the county acquired from respondents' predecessor in interest a right of way for a highway across their land. The deed, dated November 25, 1924, conveying to the county a strip of land 20 feet wide on each side of a center line described therein, was introduced in evidence. Appellant refers to this as the ''record road.'' It is also alleged in the complaint ''that for over 10 years next immediately preceding the commencement of this action, the plaintiff and the public have used and have worked and kept up, at the expense of the public,'' a highway across the land of defendants. Appellant refers to this as the ''actual road.'' That allegation is denied in the answer. Appellant further alleged that during 1933 respondents installed and maintained a fence and gate across the ''actual road'' and excluded the public from the use of a portion thereof, and will continue to do so unless restrained and enjoined from so doing. The maintenance of the fence and gate is admitted.

Respondents, in their answer, alleged that the deed executed by their predecessor was conditioned upon the performance of an obligation therein expressed that the county would construct and maintain a good and passable road over the right of way thereby conveyed, and that this has not been done. They further alleged that appellant, on March 20, 1933, by order of its board of commissioners, abandoned the right of way described in the deed.

The evidence shows that March 20, 1933, the board of county commissioners made and entered an order, which was filed for record in the office of the county recorder and recorded March 29, 1933, wherein it was recited that November 25, 1924, the Idaho Lumber & Manufacturing Company granted to Kootenai County a right of way 40 feet in width across certain land, described in the order, now owned by respondents; that said right of way deed contained the following condition: ''And this grant and conveyance unto the County of Kootenai is for the purpose of a good and passable public highway maintained by said

county." It was recited in the order that the grantee had not complied with said condition and that said road had not been constructed or maintained, nor had it been used as a road for a period of more than five years last past, and it had not been worked or kept up at public expense during that time and it was not the intention of the board to construct or maintain a highway on the right of way described in the deed. It was in the order stated: "Now, therefore, the Board of County Commissioners of Kootenai County, State of Idaho herewith signify their intention to vacate and abandon, and do hereby vacate and abandon, all right, title, claim and interest in and to said right of way surveyed as Kidd Island Road Extension No. 640."

■ April 11, 1933, the board made and entered an order attempting to rescind the order vacating and abandoning the right of way. The trial court found the attempted rescission was of no force or effect. While appellant assigned that finding as error, it is not contended the board had power to rescind its order of March 20, 1933, nor that it could be vacated or set aside other than by appeal to the district court as provided by I. C. A., sec. 30–1108. The reason, if any existed, why the order of rescission was not ineffectual was not specified in the assignment of error which is so vague and indefinite it presents nothing for review.

■ Appellant, in its brief, specified that the court erred in making certain findings of fact and conclusions of law, but has not pointed out wherein the findings and conclusions are erroneous. Such general specifications are too indefinite to procure a review of the matters complained about. (*Burton v. Bayly*, 50 Ida. 707, 300 Pac. 359, and cases therein cited; *Lundy v. Pioneer Irr. Dist.*, 52 Ida. 683, 19 Pac. (2d) 624.) However, we have read the transcript of the evidence and find it is sufficient to sustain the judgment.

Appellant contends that, while the right of way for what it refers to as the "record road" was abandoned, the "actual road," which was acquired by prescription, has not been abandoned and that it, not the abandoned "record road," is obstructed by respondents' fence and gate. It is ap-

pellant's contention that the "actual road" and the "record road" are separate and distinct the one from the other, and that the abandonment of the one does not work an abandonment of the other. This contention is not sustained by the evidence.

It is provided in I. C. A., sec. 39–103, that "roads laid out and recorded as highways, by order of the board of commissioners, and all roads used as such for a period of five years, provided the latter shall have been worked and kept up at the expense of the public, or located and recorded by order of the board of commissioners, are highways." The evidence shows the road referred to as the "actual road" led upon the land of respondents from an established highway to a dock· on the shore of Lake Coeur d'Alene; that there has been very little travel over any part of it, and but little work done by way of maintaining it; also that the portion of the road between the gate, maintained by respondents, and the dock is not and has not heretofore been in condition for ordinary vehicular traffic. The refusal of the judge to find that a road had been established by prescription is fully justified by the evidence.

Had the evidence shown sufficient travel and work on the road to sustain the theory of establishment of a highway by prescription, this action could not be maintained. The allegation in the complaint on this point is to the effect that the road had been maintained and used across respondents' land more than 10 years immediately preceding the commencement of the action. The beginning of that period would antedate the deed conveying the right of way by respondents' predecessor to appellant but a few months. Even if appellant had initiated a prescriptive right to a roadway across respondents' land prior to November 25, 1924, when it received title thereto by deed, it would be merged in the title acquired by deed, and any use or improvement made thereafter could not result in title by prescription. One cannot acquire, by prescription, the right to use land which he already owns.

Appellant's board of county commissioners had power to, and it did, abandon whatever claim it had to a right of way for road purposes across the land of respondents. I. C. A., sec. 39-401, contains the following:

"The board of county commissioners, by proper ordinances, must:

"1. Divide the county into a suitable and convenient number of road districts.

"2. Cause to be surveyed, viewed, laid out, recorded, opened and worked, such highways as are necessary for public convenience, as in this chapter provided.

"3. Cause to be recorded as highways such roads as have become such by use or abandonment to the public.

"4. Abolish or abandon such as are unnecessary."

The trial judge's decision that the road in question was abandoned is correct, and the judgment appealed from is affirmed.

Givens, C. J., and Budge, J., concur.

Holden, J., sat with the court at the hearing, but did not participate in the decision.

Ailshie, J., did not sit with the court at the hearing nor participate in the decision.