700 P.2d 68

Joe W. TOMCHAK and Florence M. Tomchak, husband and wife; and Helen M. Berrett, Plaintiffs-Appellants,

v.

Paul WALKER, Robert Hurley, Clyde Terry, Jefferson County Commissioners; and Jefferson County, Idaho, a political subdivision, Defendants-Respondents.

No. 15641.

Supreme Court of Idaho.

May 7, 1985.

John X. Combo, of Weinpel, Woolf, Just, Combo & Davis, Idaho Falls, for plaintiffs-appellants.

Stephen J. Clark, of Dunn & Clark, Rigby, for defendants-respondents.

BAKES, Justice.

Plaintiffs appeal from the district court's dismissal of their complaint seeking a declaratory judgment that a roadway is a county highway. We reverse and remand for further proceedings.

Plaintiffs own title to land abutting and underlying portions of a dirt road which is graveled in places and extends past a gate and a "no trespassing" sign to reach a dead end. Plaintiff Tomchaks' home is along the road before the gate, and there is an abandoned home beyond the gate. Title to a portion of the property underlying the road is in a private individual not a party to this action. Plaintiffs brought this action against Jefferson County seeking to have the entire road declared a county highway. Plaintiffs alleged that the entire road had been used by the public and maintained by the county for more than five years, and therefore I.C. § 40–103 makes the road a "public highway." The county filed a motion to dismiss or in the alternative for summary judgment supported by two affidavits. Plaintiffs then filed a motion for summary judgment supported by affidavits.

The county admitted that it had on occasion, as a matter of courtesy to plaintiff Tomchaks, removed snow and aided in the maintenance of the road up to the point of the gate and "no trespassing" sign. The county further offered to continue in this gratuitous gesture. However, the county's position was that it could not be forced to accept and maintain the road by prescription and further that the public use or the sporadic maintenance was not sufficient to create a public easement by prescription even if the county desired to do so. The district court dismissed plaintiffs' action and plaintiffs have appealed.

We initially determine that the lower court's order should be reviewed as an order granting summary judgment. In response to the complaint, defendants filed a "motion to dismiss the complaint ... or, in the alternative, for summary judgment" pursuant to I.R.C.P. 12(b)(6), failure to state a claim upon which relief can be granted. Plaintiffs subsequently filed their own motion for summary judgment. Along with these motions, the parties filed several affidavits, a deposition, and briefs at various times. The district court then denied "plaintiffs' motion for summary judgment and dismiss[ed] plaintiffs' complaint." The rules state:

> "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...." I.R.C.P. 12(b).

Therefore, the district court's order is properly viewed as a grant of summary judgment to defendants, I.R.C.P. 56(c); *Cook v. Soltman*, 96 Idaho 187, 525 P.2d 969 (1974), and the record must be viewed in a light most favorable to plaintiffs, the non-moving parties to the motion granted.

The ultimate issue presented by this case is whether the road in question falls within the meaning of I.C. § 40–103, which states:

> **"40–103. Recorded and worked highways.**—Roads laid out and recorded as highways, by order of the board of commissioners, and all roads used as such for a period of five (5) years, provided the latter shall have been worked and kept up at the expense of the public, or located and recorded by order of the board of commissioners, are highways...."

The statute includes the means whereby the public, through sufficient use and maintenance, can gain an easement on a road-

way by prescription. The statute has been used by both counties and private parties to obtain a declaration that a road is a public roadway, either to foreclose private parties from obstructing the road, *e.g.*, *State v. Nesbitt*, 79 Idaho 1, 310 P.2d 787 (1957); *Kootenai County v. Kinman*, 56 Idaho 1, 47 P.2d 887 (1935), or giving rise to the county's duty to maintain the road, *e.g.*, *Pugmire v. Johnson*, 102 Idaho 882, 643 P.2d 832 (1982).

█ The factual issues present in such cases are the frequency, nature and quality of the public's use and maintenance of the road and the intentions of the landowners and county relevant to the use and maintenance. Only when these facts are determined can the ultimate issue be decided as to whether the road has been prescripted by the public under I.C. § 40–103. The affidavit of plaintiff Tomchak generally states that for the past 23 years the road has been used by hunters, ditch riders, and business people several times a year. It also states that the road has been graded at least once a year and snow plowed when needed for the past 23 years. An affidavit of a county employee states that he bladed the road "on occasions" from 1973 to 1980. These factual statements were generally placed at issue by the plaintiffs' affidavits, exhibits and deposition. Therefore, material issues of fact existed which should have precluded defendants' motion for summary judgment. I.R.C.P. 56(c). Plaintiffs argue in addition that their summary judgment motion should have been granted since the plaintiffs' affidavits were not completely controverted by defendants. However, we find that plaintiffs' affidavits were not conclusive in establishing the type of use and maintenance by the public as to entitle plaintiffs to summary judgment as a matter of law that the roadway had been taken by prescription by the public under I.C. § 40–103.

█ When these factual issues of frequency, nature and quality of the public's use and maintenance are determined below, the trial court will be faced with the ultimate issue of whether such use and main-tenance is sufficient under I.C. § 40–103 to conclude that the road has been taken by prescription by the public. It is difficult to articulate a general rule to aid, on remand, the trial court's conclusion because of the extensive variation of circumstances in previous cases. In order to qualify under I.C. § 40–103, the use and maintenance must be something more than "only casually and desultorily and not regularly used" and maintained. *Kirk v. Schultz*, 63 Idaho 278, 284, 119 P.2d 266, 268 (1941). "Regular maintenance and extensive public use [are] sufficient to establish" a public easement by prescription under the statute. *Pugmire v. Johnson*, 102 Idaho 882, 884, 643 P.2d 832, 834 (1982). It need not be for five consecutive years nor through the entire length of the road, *State v. Nesbitt*, 79 Idaho 1, 6, 310 P.2d 787, 790 (1957). We are aware that in some counties it is a "common custom" for county road crews to gratuitously aid or to contract with rural citizens in the maintenance of private roadways. *See Cox v. Cox*, 84 Idaho 513, 520, 373 P.2d 929, 932 (1962); *Cordwell v. Smith*, 105 Idaho 71, 665 P.2d 1081 (1983). Therefore, we agree with the conclusion of the Court of Appeals that:

> "[W]here the public agency expending funds on a roadway expressly recognizes the private character of the road, and does not intend to create or assert any rights greater than those allowed by the owner of the roadway, I.C. § 40–103 does not operate to make the road public." 105 Idaho at 76, 665 P.2d at 1086.

█ Defendants have argued several theories, some of which were relied upon by the district court, to the effect that an action for declaratory judgment is not the proper form of action and could not be granted as a matter of law in this case. We have considered each argument and, without discussing each one, we find them unpersuasive. A declaratory judgment action has been used with approval in previous cases to adjudicate prescriptive rights under I.C. § 40–103. *See Pugmire v. Johnson*, 102 Idaho 882, 643 P.2d 832

(1982). This is not a review of or an appeal from an administrative proceeding before the board of county commissioners to which another standard of review may apply. Rather, this action asks to "have determined ... [a] question of construction ... arising under ... statute, and ... [to] obtain a declaration of rights, status or other legal relations thereunder," I.C. § 10-1202, as to whether the public has gained a prescriptive easement through use and maintenance of the road. Neither does the presence of material factual issues bar the bringing of a declaratory judgment action since these issues of fact can be determined as in any other case. I.C. § 10-1209. It is true that all property owners of record to the road should be joined as indispensable parties. However, defendants must raise the issue as an affirmative defense, I.R.C.P. 12(b)(7), after which the burden falls on the plaintiffs to join all "parties who have or claim any interest which would be affected by the declaration." I.C. § 10-1211. Finally, the fact that a county has the power to abandon unnecessary roads within the county road system, *see* I.C. §§ 40-104, -133(d), and -501(4), has no bearing on the present case since the county has not asserted that any abandonment has occurred. The county merely asserts that it has the power to abandon. However, the power of a county to abandon an unnecessary roadway does not preclude a private party from attempting to establish that a public roadway has been taken by prescription. If the plaintiffs are successful in having the road declared a public roadway, then the county might attempt through proper procedures to abandon the road. At this junction, there is no need to address the abandonment issue further.

The case is reversed and remanded for further proceedings consistent with this opinion. Costs to appellant. No attorney fees on appeal.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.