809 P.2d 1155

**RIM VIEW TROUT COMPANY,**
**Plaintiff–Appellant,**

v.

**IDAHO DEPARTMENT OF WATER RE-SOURCES, and R. Keith Higginson, Director of the Idaho Department of Water Resources, Defendants–Respondents.**

No. 18704.

Supreme Court of Idaho,
Boise, February 1991 Term.

April 24, 1991.

Ringert, Clark, Harrington, Reid, Christenson & Kaufman, Boise, for plaintiff-appellant. William F. Ringert argued.

Larry J. EchoHawk, Atty. Gen., John W. Homan (argued), Deputy Atty. Gen., Boise, for defendants-respondents.

McDEVITT, Justice.

Plaintiff, Rim View Trout Company ("Rim View"), filed a petition for a writ of prohibition alleging that the director of the Idaho Department of Water Resources ("IDWR") was without jurisdiction to order the installation of measuring and recording devices on Rim View's water diversion works on Niagara Springs Creek. The district court dismissed the petition. We affirm.

The director of IDWR ordered Rim View to install and maintain measuring and continuous recording devices to measure and record the amount of water diverted from Niagara Springs Creek. After an administrative hearing, IDWR adopted the decision of the hearing examiner. Rim View failed to appeal this decision by either filing a petition for rehearing within the twenty (20) day time limit as prescribed by IDAPA Rule 37.11,1, or a petition for judicial review within the thirty (30) day time limit provided by I.C. § 67–5215(b). Rim View did file a Petition for Rehearing and Alternate Motion to Reopen Proceedings forty-nine (49) days after the decision of the director was issued. That petition was denied. Rim View then instituted the present action thirty (30) days after the petition to reopen was denied, and ninety-four (94) days after the director issued the order requiring Rim View to install measuring and recording devices.

■ The sole issue we confront in this appeal is whether a writ of prohibition is appropriate in this situation. Therefore, we review the trial court's granting of IDWR's motion to dismiss. Our standard of review is the same as our summary judgment standard. *Miles v. Idaho Power Co.*, 116 Idaho 635, 778 P.2d 757 (1989); *Tomchak v. Walker*, 108 Idaho 446, 700 P.2d 68 (1985). All facts and inferences from the record will be viewed in favor of

the nonmoving party to determine whether the motion should be granted. *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986); *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982); *Farmer's Ins. Co. of Idaho v. Brown*, 97 Idaho 380, 544 P.2d 1150 (1976).

■ Rim View asserts that it is not limited in seeking relief through an appeal of the director's decision. To support this contention, Rim View cites I.C. § 67–5215(a), as allowing them to choose either an appeal of the director's decision or to seek other available remedies. We disagree.

■ Rim View seeks a writ of prohibition to stop the enforcement of IDWR's decision. A writ "arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person." I.C. § 7–401; *Gasper v. District Court*, 74 Idaho 388, 264 P.2d 679 (1953); *In re Miller*, 4 Idaho 711, 43 P. 870 (1896). A writ will be issued only in those cases where there is no "plain, speedy and adequate remedy in the ordinary course of the law." I.C. § 7–402; *Murphy v. McCarty*, 69 Idaho 193, 204 P.2d 1014 (1949); *Olden v. Paxton*, 27 Idaho 597, 150 P. 40 (1915). Where the right to an appeal is readily available, such remedy is regarded as an adequate remedy at law and will bar the issuance of a writ. *Common School Dist. No. 58 v. Lunden*, 71 Idaho 486, 233 P.2d 806 (1951); *Smith v. Young*, 71 Idaho 31, 225 P.2d 466 (1950); *Willman v. District Court*, 4 Idaho 11, 35 P. 692 (1894). It is fundamental that a writ will not function as the equivalent of an appeal or a petition for review. *Rufener v. Shaud*, 98 Idaho 823, 573 P.2d 142 (1977); *Felton v. Prather*, 95 Idaho 280, 506 P.2d 1353 (1973); *Natatorium Co. v. Erb*, 34 Idaho 209, 200 P. 348 (1921). Rim View asserts that since the time for appeal has expired, it has no plain or adequate remedy at law.

■ The right to an appeal, although unexercised and since expired, is an ade-

quate remedy at law. *Clark v. Ada County Bd. of Com'rs*, 98 Idaho 749, 572 P.2d 501 (1977). Rim View failed on its own account to use the statutory appeal process available to it. No sufficient reason was given for this failure. The issues raised in this petition for a writ are the same issues that could have been brought in a petition for judicial review. Therefore, we affirm the dismissal of Rim View's petition.

The parties have invited us to determine IDWR's jurisdiction, or lack thereof, to order Rim View to install measuring and recording devices. Having found that Rim View has a plain, speedy, and adequate remedy at law that bars the issuance of a writ of prohibition, we find it unnecessary to discuss the issue of jurisdiction. The district court's discussion of this issue was not necessary to its dismissal of the petition.

Costs to respondent.

BISTLINE, JOHNSON and BOYLE, JJ., concur.

FULLER, J., Pro Tem., concurs.