# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 53580-2025

VERONICA L. BAIZ,

    Petitioner,

v.

MAGISTRATE DIVISION OF THE FOURTH JUDICIAL DISTRICT COURT, IN AND FOR THE COUNTY OF ADA, STATE OF IDAHO,

    Respondent.

Boise, January 2026 Term

Opinion filed: February 2, 2026

Melanie Gagnepain, Clerk

Original proceeding in the Idaho Supreme Court seeking a Writ of Mandamus.

The Emergency Petition for Writ of Mandamus is <u>denied</u>.

Veronica L. Baiz, pro se Petitioner.

_____

PER CURIAM

This matter is before this Court on an Emergency Petition for Writ of Mandamus filed by Petitioner Veronica L. Baiz. Baiz asks this Court to issue a writ of mandamus compelling Magistrate Court Judge Schou to enforce a judgment modifying child custody. Specifically, Baiz contends the magistrate court erred when it concluded that her failure to file a verified petition to enforce parenting time in accordance with the requirements of Rule 816 of the Idaho Rules of Family Law Procedure deprived the magistrate court of subject matter jurisdiction to hear the matter. While we agree that the magistrate court erred in its analysis of jurisdiction, we deny Baiz's request for a writ of mandate because the matter could, and should, have been appealed to the district court.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Baiz and Kyle Engels have two minor children in common. On March 7, 2022, Engels initiated Ada County Case No. CV01-22-03163 by filing a Verified Petition for Paternity, Child Custody and Child Support. About a year later, the magistrate court entered a Judgment for Paternity, Child Custody and Child Support ("Judgment"), pursuant to which Engels was awarded

1

sole legal custody and primary physical custody of the parties' children, subject to Baiz's visitation rights as outlined in the Judgment. The Judgment also included a requirement that the children engage in counseling with a specific counselor. The Judgment further provided that, if the counselor elected to discontinue services and made recommendations for a different counselor, the parties were to attempt to mutually agree upon one of the recommended counselors. If they could not agree, Engels was to "have the final decision-making authority to determine who the children [would] do counseling with."

A little more than a year after the Judgment was entered, Engels filed a Verified Petition to Modify Child Custody, seeking to place additional limitations and conditions on Baiz's custodial/visitation rights. On February 14, 2025, pursuant to a stipulation of the parties, a different magistrate court judge now assigned to the case entered a Judgment Modifying Child Custody and Child Support ("Modification Judgment"). Like the original Judgment, the Modification Judgment awarded Engels sole legal custody and primary physical custody of the children, and it included a requirement that the children engage in counseling with the same counselor, or with an alternate counselor if the counselor elected to discontinue services. However, the Modification Judgment awarded Baiz visitation on a four-tiered schedule, with Tier 1 limiting Baiz's visitation rights to one, two-hour supervised visit through Kids Services each week, and Tiers 2 through 4 granting her successively increased visitation rights. One of the prerequisites to Baiz's advancement through each tier is that the counselor determine that the advancement is in the children's best interests.

On March 5, 2025, the counselor filed a Notice of Recusal, formally notifying the magistrate court of her decision to recuse herself from her role as the court-appointed therapist because one of the parents questioned the counselor's impartiality. The Notice included a "Recommended Referrals" section in which the counselor identified three other counselors from whom the parties could choose a replacement.

In May 2025, the attorney who had been representing Baiz in the custody case withdrew. Since then, Baiz has been appearing pro se. In November 2025, Baiz filed a Motion to Reopen Case for Enforcement of Visitation Order and thereafter filed a series of motions seeking reinstatement of the visitation schedule outlined in the original Judgment or, in the alternative, advancement to the highest level of visitation (Tier 4) in the Modification Judgment. In the motions, Baiz noted that no successor therapist had been appointed to take the counselor's place

since the counselor's recusal eight months prior in March 2025. Baiz stated that she had complied with all applicable orders and conditions of the Modification Judgment, and she asserted that the delay in appointing a replacement therapist should not lawfully block the progression of her visitation from Tier 1 to Tiers 2, 3, and 4.

The magistrate court ultimately denied all of Baiz's motions, concluding that they were improper because they were not in the form of verified motions or petitions and no summons was ever issued or served on Engels. *See* I.R.F.L.P. 816 (party seeking to enforce court-ordered parenting time "will" file a verified petition and serve it, along with a summons, on all parties entitled to notice); *see also* I.R.F.L.P. 204 (governing issuance and service of summons). The magistrate court also found that, in the absence of a verified petition seeking to enforce or to modify the custody order, it lacked jurisdiction over any enforcement or modification request.

## II.    ANALYSIS

Baiz now asks this Court to exercise its original jurisdiction to issue a writ of mandamus directing the magistrate court to take action on her motions to enforce the February 14, 2025, Modification Judgment, including by (1) appointing "a replacement court-ordered counselor, or implement[ing] an equivalent court-directed mechanism, to effectuate the counseling and step-up parenting plan provisions of" the Modification Judgment, and/or (2) promptly conducting enforcement proceedings, "including any hearings required under [Idaho Rule of Family Law Procedure] 816." In the alternative, she asks that the enforcement proceedings be reassigned "to a neutral magistrate to ensure impartial and expeditious resolution."

This Court's jurisdiction to issue extraordinary writs, as well as declarations of law necessary for the adjudication of those writs, stems from Article V, section 9 of the Idaho Constitution, which states: "The Supreme Court shall . . . have original jurisdiction to issue writs of mandamus, certiorari, prohibition, and habeas corpus, and all writs necessary or proper to the complete exercise of its appellate jurisdiction." Idaho Const. art. V, § 9; *see Idaho State Athletic Comm'n ex rel. Stoddard v. Off. of the Admin. Rules Coordinator*, 173 Idaho 384, 392, 542 P.3d 718, 726 (2024) ("[T]he Idaho Constitution grants this Court original jurisdiction to issue the writs enumerated in Article V, section 9 and only grants this Court original jurisdiction to issue a declaration of law when necessary to adjudicate a claim for one of the enumerated writs."). "Any person may apply to the Supreme Court for the issuance of any extraordinary writ or other proceeding over which the Supreme Court has original jurisdiction." I.A.R. 5(a). "However, before

this Court will exercise its original jurisdiction, the party seeking an extraordinary writ must overcome a number of hurdles. Fundamental among them is a demonstration by the petitioning party that the case . . . satisfies the legal criteria for the relief sought[.]" *Labrador v. Idahoans for Open Primaries*, 174 Idaho 1034, 1039, 554 P.3d 85, 90 (2024).

The legal criteria for a writ of mandamus "are clear and often stated." *Id.* at 1040, 554 P.3d at 91. A writ of mandamus "may be issued by the [S]upreme [C]ourt . . . to any inferior tribunal . . . to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station[.]" I.C. § 7-302. As this Court has explained, "[a] writ of mandamus will lie if the officer against whom the writ is brought has a clear legal duty to perform the desired act, and if the act sought to be compelled is ministerial or executive in nature." *Idahoans for Open Primaries*, 174 Idaho at 1040–41, 554 P.3d at 91–92 (citations omitted). "A party seeking a writ of mandamus must establish a clear legal right to the relief sought." *Id.* at 1041, 554 P.3d at 92 (internal quotation marks and citation omitted). "A writ of mandamus will not lie unless the party seeking the writ has a clear right to have done that which the petitioner seeks and unless it is a clear legal duty of the officer to so act." *Id.* (internal quotation marks and citations omitted). "Even where the officer against whom the writ is directed has a clear legal duty to act, a writ of mandamus will only issue 'where there is not a plain, speedy and adequate remedy in the ordinary course of law.'" *Id.* (quoting I.C. § 7-303; then citing *Hepworth Holzer, LLP v. Fourth Jud. Dist.*, 169 Idaho 387, 393, 496 P.3d 873, 879 (2021); and then citing *Coeur d'Alene Tribe v. Denney*, 161 Idaho 508, 512, 387 P.3d 761, 765 (2015)).

In this case, Baiz argues that the magistrate court has a clear legal duty to enforce the court-ordered counseling and "progressive step-up" (i.e., tiered) visitation provisions of the Modification Judgment, which she submits are "designed to facilitate [her] reunification . . . with her minor children." As she did in her various motions to the magistrate court, Baiz contends that she has complied with all the conditions of the Modification Judgment, "including the successful completion of supervised visitation under Tier 1 of the step-up plan." However, she asserts that the magistrate court's failure to appoint a new counselor, following the previous counselor's recusal in March 2025, has rendered compliance with the counseling provisions of the Modification Judgment impossible. She insists that the magistrate court has a clear legal duty to appoint a successor therapist pursuant to the express terms of the Modification Judgment. Additionally, she contends that the magistrate court is required under Rule 816 of the Idaho Rules

4

of Family Law Procedure to enforce the parenting time provisions of the Modification Judgment and that no new petition and summons for enforcement or modification is required.

As discussed in further detail below, while we agree that the magistrate court has continuing jurisdiction to enforce its child custody orders even in the absence of a new petition and summons, we deny Baiz's petition for an extraordinary writ because she has failed to demonstrate that she is without an adequate remedy at law.

**A. The magistrate court erred in concluding that it lacked subject matter jurisdiction to enforce the child custody and visitation provisions of the Modification Judgment absent the filing of a new petition under Idaho Rule of Family Law Procedure 816.**

The magistrate court ruled that it lacked jurisdiction to entertain Baiz's motions to enforce the custody and visitation provisions of the February 14, 2025, Modification Judgment because Baiz did not comply with the procedural requirements of Idaho Rule of Family Law Procedure 816. That rule states, in part, that "[a] party seeking to enforce court ordered parenting time will file a verified petition alleging denial or interference with parenting time," and that the petition, along with a summons, "must be served upon all parties entitled to service . . . ." I.R.F.L.P. 816(a), (c). Because Baiz did not file or serve a *verified* petition and summons, as contemplated by Rule 816, the magistrate court concluded that it could not even consider Baiz's requests to enforce or alter the Modification Judgment. This apparently included her requests for the appointment of a new counselor or for an order allowing her to progress beyond Tier 1 of the visitation plan without a counselor's approval. This conclusion was erroneous.

It has long been the law in this state that courts presiding over actions involving child custody determinations retain continuing jurisdiction over those matters. Idaho Code section 32-717 expressly provides that "[i]n an action for divorce the court may, before *and after* judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper in the best interests of the children." I.C. § 32-717(1) (emphasis added). Likewise, under the Uniform Child Custody Jurisdiction and Enforcement Act, an Idaho court with jurisdiction to make an initial child custody determination "has exclusive, continuing jurisdiction over the determination . . . ." I.C. § 32-11-202(a).

Although the magistrate court appears to have concluded otherwise, nothing in Rule 816 limits this jurisdiction. To the contrary, the rule expressly states that its "provisions . . . are separate and distinct from a contempt proceeding under Rule 812 and other remedies provided by law, including enforcement provisions governed by Idaho Code §§ 32-11-308 to 32-11-317 of the

Uniform Child Custody Jurisdiction and Enforcement Act." I.R.F.L.P. 816(a). Thus, while the filing of a verified petition and summons under Rule 816 is one remedial tool available to parties, it is not the exclusive means of addressing questions that arise over the interpretation of custody orders. The magistrate court has continuing jurisdiction to adjudicate child custody matters that arise until the child reaches the age of majority and can address disputes that arise over the interpretation of custody orders without the filing of a petition under Rule 816.

Because the magistrate court has continuing jurisdiction to enforce the child custody and visitation provisions of the Modification Judgment, it had a clear legal duty to consider the merits of Baiz's motions for enforcement. Its failure to do so constitutes a violation of that duty.

### B. Baiz has failed to demonstrate that she does not have a plain, speedy and adequate remedy in the ordinary course of law.

Although we have determined that the magistrate court had a clear legal duty to entertain the merits of Baiz's enforcement motions, we must deny Baiz's petition for a writ of mandamus because she has failed to demonstrate that she is without an adequate remedy at law. *See Idahoans for Open Primaries*, 174 Idaho at 1041, 554 P.3d 92 ("[A] writ of mandamus will only issue 'where there is not a plain, speedy and adequate remedy in the ordinary course of law.'" (quoting I.C. § 7-303; then citing *Hepworth Holzer, LLP v. Fourth Jud. Dist.*, 169 Idaho 387, 393, 496 P.3d 873, 879 (2021); and then citing *Coeur d'Alene Tribe v. Denney*, 161 Idaho 508, 512, 387 P.3d 761, 765 (2015))).

The February 14, 2025, Modification Judgment was a final judgment within the meaning of Rule 802(a)(1). As such, each of the magistrate court's orders denying Baiz's motions to enforce the Modification Judgment was an "order made after final judgment," which was appealable as a matter of right *to the district court*. I.A.R. 11(a)(7); *see also* I.R.F.L.P. 813 ("Any appeal of an order, decree, or judgment [entered in a family law case] is governed by Idaho Rule of Civil Procedure 83."); I.R.C.P. 83(a)(2)(B) (providing that an appeal to the district court may be taken from "any of the judgments or orders in an action in the magistrate's division which would be appealable from the district court to the Supreme Court under Rule 11, Idaho Appellate Rules").

"Where the right to an appeal is readily available, such remedy is regarded as an adequate remedy at law and will bar the issuance of a writ." *Rim View Trout Co. v. Idaho Dep't of Water Res.*, 119 Idaho 676, 677, 809 P.2d 1155, 1156 (1991). This remains true even where, as here, the right to appeal was not exercised and has since expired. *Id.* at 677–78, 809 P.2d at 1156–57. This

Court is "the court of last resort in Idaho—not the court of first resort," and a writ of mandamus does not function as a substitute for an appeal. *Assoc. Press v. Second Jud. Dist.*, 172 Idaho 113, 120, 123, 529 P.3d 1259, 1266, 1269 (2023) (citation and internal quotation marks omitted). Accordingly, the petition must be denied.

### III. CONCLUSION

The Emergency Petition for Writ of Mandamus is DENIED.